Baker v. Long.

---

## H. D. BAKER v. SAMUEL C. LONG.

1. CONTESTED ELECTION; *Issues; Range of Inquiry.* The inquiry in a court for the trial of a contested election is not necessarily limited to the matters presented in the contestor's statement. The contestee may be heard, not merely in denial, but in proof of other matters tending to show his right to the office, notwithstanding the matters alleged in the statement; and these other matters the contestor may also controvert, or avoid.

2. ———— *Pleadings.* Pleadings in the nature of an answer and reply, are proper in such a court, and when filed should be construed according to the ordinary rules applicable to such pleadings.

3. ———— *Reply; Construction of Pleadings.* When a reply is filed containing matters specifically alleged to be in reply to new matter in the answer, it cannot be treated as alleging a new and independent ground of contest; nor can the contestor, on the trial, if he fail in proving the

matters alleged in his statement, abandon that, and base his claim to the office solely on the matters alleged in the reply.

4. —————— *Amendments of Pleadings.* While amendments of these pleadings may be proper, *query,* could a party amend his statement after the expiration of the twenty days from the canvass within which the statement must be filed, by adding a new and independent ground of contest?

5. FINDINGS — *When Conclusive.* Where the contest court makes special findings of fact, and by one of them (unexcepted to by the contestor,) the only matter of contest alleged in the statement is found against the contestor, such finding is conclusive against the contestor in subsequent proceedings in error.

### *Error from Saline District Court.*

PROCEEDINGS commenced by *Baker,* before the probate judge and two associates, constituting a court for the contest of elections, as provided by §§ 85 to 105 of ch. 36 of Gen. Stat. of 1868, to determine the right to the office of sheriff of Saline county. The election contested was held November 2d 1875. *Baker, Long,* and others, were candidates for sheriff. The canvassers, and the contest court also, declared *Long* elected. The proceedings were removed to the district court, where *Long's* right to the office was confirmed, at the February Term 1876. *Baker* brings the case here for review.

*Foster & Banks,* and *Martin & Case,* for Baker.

*C. A. Hiller,* and *T. F. Garver,* for Long.

The opinion of the court was delivered by

BREWER, J.: This was a contested election case. The parties were candidates for the office of sheriff. The canvassers declared Long elected by one majority. Baker contested, and as ground of contest alleged a miscount, and prayed for a recount. Over the objection of Baker, Long filed an answer denying the miscount, and in a second paragraph alleged illegal votes, naming the voters. Baker replied to such second defense, with an allegation of illegal votes for Long. Before the trial the court declared that the order of testimony would be, first, Baker's testimony in support of

his statement; then Long's, in favor of his answer; and then Baker's, in support of his reply. On the trial the recount was had, and by it Long had two majority. Baker rested. Long asked for judgment, which was refused. He asked leave to dismiss the second paragraph of his answer, which was refused. He then, offering no testimony in support of his answer, rested. Baker then offered testimony in support of his reply. Long objected, but the objection was overruled, and the testimony received, showing three illegal votes in favor of Long. Long then sought to introduce his testimony to show illegal votes in favor of Baker, which was refused. Judgment was rendered in favor of Baker, declaring him elected sheriff by one majority. Long prosecuted his petition in error in the district court, which reversed the ruling of the court for contested elections. On the reversal, Baker moved the district court to hold the case for trial, or remand it to the contest court for further proceedings, but the court overruled the motion, and rendered judgment in Long's favor for the costs of both courts. Baker now brings the record here for review.

Upon this we remark, first, that the inquiry before a contest court is not necessarily limited to the matters presented in the contestor's statement. Such a statement is in the nature of a petition, and the contestee may defend against it both by denial, and by proof of other matters showing his right to the office, notwithstanding the facts contained in the statement. In other words, he may file an answer containing both a denial and new matter. · The contestor may also reply to such new matter. We remark again, that where a reply is filed to an answer containing new matter, it cannot be taken as presenting a new and independent matter of contest, but must be deemed as simply a reply to the answer, and only available as a defense to such new matter. In other words, a party by his reply cannot add a new cause of action to his petition. He cannot, when the testimony fails to sustain the ground of contest alleged in his original statement, abandon

that, and rely upon the facts alleged in the reply as consti-
tuting his cause of action.

Whether a party can by amendment of his statement add
a new ground of contest, after the expiration of the twenty
days from the canvass within which the statement must be
filed, need not be decided, for no amendment of the statement
was asked, no attempt made to add to it a new ground of
contest, and the reply states upon its face that it is filed as a
reply to the new matter set up in the answer. It seems to
follow from this, that the contest court erred, and that the
ruling of the district court must be affirmed. It was not
necessary to remand the case to the contest court for further
proceedings, or to hold the case in the district court for a trial
*de novo*, for the contest court made special findings of fact,
and one not excepted to by the contestor was that the recount
gave Long two majority. Upon the findings therefore, and
the pleadings, the judgment should have been in favor of
Long.

The judgment will be affirmed.

All the Justices concurring.