[No. 2035.]

THE JAMIESON HOUSE FURNISHING COMPANY v. BRAINARD.

PLEADING—DEPARTURE—PAYMENT—FRAUD.

In an action upon an account for goods sold and delivered where defendant answered by plea of payment, alleging that in full satisfaction of the account defendant conveyed to plaintiff an interest in a mining claim, a replication admitting the conveyance but alleging that plaintiff was induced to accept the conveyance in satisfaction of the debt by false and fraudulent representations of defendant and alleging a rescission and tender of a reconveyance of the property to defendant, was not a departure from the cause of action stated in the complaint.

*Appeal from the District Court of Las Animas County.*

Mr. W. B. MORGAN, for appellant.

Mr. EDWIN B. FRANKS and Mr. P. H. MURRAY, for appellee.

WILSON, P. J.

The plaintiff company brought this suit to recover on an account for merchandise sold and delivered by it to the defendant. The answer admitted the purchase of the goods

and the original indebtedness, but alleged satisfaction and payment, the manner of payment being that in consideration of the account, and a small sum additional, he had conveyed to the plaintiff an interest in a mining claim, which conveyance was accepted by plaintiff in full satisfaction of the debt. Plaintiff replied, admitting the alleged agreement of settlement between it and the defendant, and also the conveyance to it of the interest in the mine, but alleging that it was induced to enter into such agreement and contract of settlement and to accept such conveyance in satisfaction of its debt, by the false and fraudulent representations of the defendant with reference to material matters bearing upon the location and value of the mining claim, which are not necessary to be set forth by us in detail; and that immediately upon the discovery of the fraud the plaintiff rescinded the contract and tendered to defendant a deed reconveying to him all of the interest in the mining property which he had conveyed to plaintiff. Defendant moved to strike the replication, and upon the allowance of this motion, judgment upon the pleadings was rendered in favor of the defendant.

The chief ground relied upon in support of the motion to strike was " that said replication sets forth a new and distinct cause of action from the complaint filed herein, and is a departure from the cause of action set forth in said complaint." What constitutes a departure in pleading has been well settled by former adjudications of this court. In *Moyle v. Bullene*, 7 Colo. App. 312, it was said: " A departure in pleading is said to be when a party quits or departs from the case or defense which he has first made, and has recourse to another. It occurs when the replication or rejoinder, etc., contains matter not pursuant to the declaration or plea, etc., which does not support and fortify it. Authorities in support of the proposition are almost innumerable."

In *Railroad Co. v. Cahill*, 8 Colo. App. 164, the court said, " A departure is an abandonment of the cause of action as stated, in some essential particular, and the substitution of something materially different * * * The effect of a depar-

ture is to eliminate a material averment from the complaint." According to these definitions, it would seem quite clear that the replication in this case was not a departure. The matters therein set up were in support of, and fortifying the cause of action set forth in the complaint. It was alleged that defendant was indebted to plaintiff in a certain sum on an account for goods sold and delivered. The answer set up payment, and set forth in detail the manner of payment. The plaintiff thereupon set up in its reply matters which would avoid the defense, claiming that it was induced to enter into the contract which the defendant set up as a payment by reason of defendant's false and fraudulent representations; that upon the discovery of the fraud, it had rescinded the contract, and tendered back to defendant a conveyance of the property conveyed by him to it. That the plaintiff had a right to rescind in apt time if it was induced to enter into the contract by the false and fraudulent representations of defendant as to material matters, cannot be disputed. This is a well settled rule, and needs no extended citation of authorities in support of it. It is elementary that fraud renders all contracts voidable *ab initio*, and that no man is bound by a bargain into which he has been deceived by a fraud. *Bell v. Kaufman*, 9 Colo. App. 264. No new cause of action was set up by the replication. The sole and only purpose which it could accomplish, if maintained, was to avoid the defense set up by the defendant. In other words, the reply simply said that admitting the matters set up by the defense to be true, yet they did not constitute payment, settlement or satisfaction of the indebtedness, because of the fraud with which they were tainted. If upon trial the reply was sustained as to its averments of fraud, and it was found that the contract had been rightfully rescinded, the plaintiff was entitled to recover on his cause of action set forth in the complaint. This in fact was the only cause of action which appeared in the course of the entire pleading. The case is precisely similar in principle to one recently decided by this court. *The Colorado F. & I. Co. v. Chappell*, 12 Colo. App. 385.

In that, the plaintiff sued for money alleged to have been paid to defendant as bailee, to be expended for plaintiff's benefit, but which he wrongfully converted to his own use. The defendant answered, setting up a settlement and accounting, covering all moneys received by him, and that upon such settlement a balance was found to be due to him, and was paid by plaintiff. The plaintiff replied, admitting the settlement and payment of balance to defendant, but averred that the settlement was brought about by the fraudulent conduct, concealment and representation of the defendant, the facts of which were set forth in detail. The court said: "The charges in this replication, of fraud and misrepresentation by the defendant, did not constitute a statement of a cause of action. * * * The plaintiff sought a remedy for the wrong, and the averment in his replication of matters which would if true avoid the effect of the settlement pleaded in defense, was not an abandonment or a variance in any respect of the cause of action set forth in his complaint, and was therefore not a departure. If established by proof, it would overthrow the defense, and clear the way to recover upon the cause of action."

In *Lebanon M. Co. v. Con. Rep. M. Co.*, 6 Colo. 378, it was said, " The replication contains a statement of specific facts, which if true show that notwithstanding the facts alleged in the answer, the defendant is not entitled to recover. These statements of the replication do not constitute a departure from the allegations of the complaint, and whether they be denominated new matter or matter in avoidance, their insertion is permissible under the Code, which makes provision therefor." This language is directly applicable to the principle here involved.

We must not be understood as intimating an opinion as to what facts would be sufficient or necessary in this case to create or sustain the asserted right of rescission by plaintiff. That question is not presented on this appeal. We only hold that the allegations of the replication are broad enough to admit proof of facts which might create such right.

For these reasons, the matters stated in the replication did not constitute a departure, and it was error to strike it out.

The judgment will be reversed.

*Reversed.*