AUGUSTIN J. BEAKEY V. ED VANDER MEERSCHEN.

No. 15,640.   (97 Pac. 478.)

SYLLABUS BY THE COURT.

REPLY—*New Matter.* Where a defendant in a civil action files an answer which, in addition to a defense to the cause of action. stated in the petition, alleges facts which constitute a new and independent cause of action by way of set-off, and prays for judgment thereon, the plaintiff may not in his reply aver new matter which constitutes a counter-claim or set-off upon which he asks for affirmative relief, but his statements must be confined to facts which constitute a defense to the answer.

Error from Pottawatomie district court; ROBERT C. HEIZER, judge. Opinion filed July 3, 1908. Modified.

*Edwin A. Austin,* and *Otis E. Hungate,* for plaintiff in error.

*F. T. Woodburn, E. D. Woodburn,* and *A. E. Crane,* for defendant in error.

The opinion of the court was delivered by

GRAVES, J.: This suit was commenced in the district court of Pottawatomie county, December 8, 1905, by Ed Vander Meerschen against A. J. Beakey, to recover

Beakey v. Vander Meerschen.

judgment upon a promissory note and to foreclose a mortgage given to secure the same. The defendant filed an answer, consisting of a general denial, unverified, and a cross-petition founded upon an account for services rendered, and judgment was demanded thereon in the sum of $3302.21. To this answer and cross-petition the plaintiff in his reply admitted the employment of the defendant, set up a counter-claim for money received by him during such employment which had not been accounted for, and prayed judgment for the balance due, amounting to the sum of $5281.14.

When the case was called for trial the defendant made application for a continuance, which was denied. Thereupon he dismissed his cross-petition. The plaintiff then demanded a trial upon the counter-claim in his reply, which the court allowed, and the trial proceeded. The defendant's application for a continuance was based upon his inability to be present on account of neuralgia in the face, and he did not appear. The plaintiff recovered judgment on the note and a decree of foreclosure by default, and upon the trial recovered $3845.27 on his counter-claim. The defendant insists that the judgment entered upon the counter-claim is erroneous. We concur in this claim. The statute which prescribes what a reply may contain expressly limits the statement of new matter to that which constitutes a defense to the answer. The section reads:

"When the answer contains new matter, the plaintiff may reply to such new matter, denying generally or specifically each allegation controverted by him; and he may allege, in ordinary and concise language, and without repetition, any new matter not inconsistent with the petition constituting a defense to such new matter in the answer." (Civ. Code, § 102.)

The statute prescribing the contents of an answer, being section 94 of the code, has no such limitation, but expressly permits the statement of any defense, counter-claim, set-off, or right to relief. It is obvious that the right to set up new causes of action or defense must

end at some point, or pleadings and issues might be-come interminable and confusing. The statute having placed this point at the reply, parties may insist upon a compliance therewith.

The cause of action contained in the petition, being one to recover judgment upon a promissory note and to foreclose a mortgage, and the cause of action in the reply, being one for money had and received, are wholly disconnected and foreign to each other, and the prosecution of them in the same action in this manner is, to say the least, unusual in code pleading. Whether they might have been properly united in the petition is immaterial, as the contents of a petition are regulated by a statute entirely different from that which prescribes the contents of the reply. In this case the defendant was unprepared for trial upon the set-off contained in his answer, and failing to obtain a continuance was compelled to dismiss this part of his answer. He was then forced to meet the counter-claim of the plaintiff, which involved practically the merits of the set-off, which had been dismissed. Under the statute quoted, such a condition is avoided by confining the plaintiff in his reply to new matter which constitutes a defense to the answer; and a dismissal of the answer carries with it the new matter in the reply.

The rule that a cross-petition should be regarded, so far as the parties are concerned, the same as if the cross-petitioner were a plaintiff and the plaintiff a defendant, to the extent that a dismissal of the petition does not affect the cross-petition, but leaves the issues made by it and the reply thereto to be litigated the same as between a petition and answer, does not apply here, for the reason that the statute authorizes the rule in the former case, and impliedly prohibits it in the latter.

In volume 19 of the Encyclopædia of Pleading and Practice, at page 794, it is said:

"In some jurisdictions it is held that the plaintiff may set up in reply a counter-claim or set-off against the defendant's claim. But such set-off or counter-

claim can be used only to defeat a recovery by the de-fendant, and can not be made the subject of a sub-stantive claim upon which a judgment for the excess over the defendant's demand can be based.

"The more generally accepted doctrine is that a reply to a set-off or counter-claim is restricted to the aver-ment of new matter constituting a defense which is not inconsistent with the complaint or declaration, and therefore a set-off or counter-claim can not be set up against the defendant's claim."

Because of the error noted, the judgment of the dis-trict court will be modified. The judgment upon the cause of action stated in the petition is affirmed; the judgment entered upon the cause of action stated in the reply is reversed and vacated. The costs are equally divided between the parties.