Decided July 1, A. D. 1918. Rehearing denied December 2, A. D. 1918.

---

No. 9012.

## BURRELL v. MASTERS.

1. PLEADING—*Departure.* Action upon Contract. The complaint set up the legal effect of so much of the contract as the plaintiff relied upon. The answer set up other provisions of the contract, alleging noncompliance therewith by plaintiff. The reply

assuming to respond to the new matters so asserted in the answer was not a departure.

2. CONTRACT—*Non-Performance.* One cannot complain of the non-performance or defective performance of a contract occasioned by his own act or default.

*Error to Otero District Court, Hon. J. E. Rizer, Judge.*

Mr. JOHN H. VOORHEES, for plaintiff in error.

Messrs. SABIN, HASKINS & SABIN, Mr. CLYDE T. DAVIS, for defendant in error.

Opinion by Mr. Justice Allen.

THE defendant in error, plaintiff below, brought this action against the plaintiff in error, defendant below, to recover the sum of $748.10 alleged to be due under the contract which is hereinafter mentioned.

In his complaint, the plaintiff alleged, in substance, that he had entered into a contract in writing with the defendant, by the terms of which he agreed to grow five acres of long white spine cucumbers, and to thresh and deliver the seed obtained from said cucumbers to the defendant; that by said contract the defendant agreed to accept the seed, and to pay therefor the sum of 20 cents per pound; that in compliance with the contract the plaintiff did grow five acres of cucumbers from seed furnished him for that purpose by the defendant, and delivered to the defendant the seed obtained as the result of such growing.

The defendant filed a motion requesting that the plaintiff be required to set out *in haec verba* the contract in writing sued on. This motion was denied. The defendant thereafter filed an answer, admitting the execution of the contract mentioned in plaintiff's complaint, but setting forth other and further terms of the contract by a reference to a copy of the contract which was attached to the answer. The contract provided, among other things, that the defendant "may refuse to accept the crop" if in his judgment the crop is in any respect "unfit for seedmen's use, and

cannot be made fit without an unreasonable amount of cleaning or hand picking." The answer denied that plaintiff complied with the terms of the contract in the planting, growing, harvesting and delivery of the seed, and further alleged "that the seed so grown was of a mixed variety, not fit for seedmen's use."

The plaintiff filed a replication in which he admitted that the seed grown and delivered by him was of mixed varieties, but alleged, in substance, that the seed which had been furnished to him by the defendant "was mixed" and "that the action of the defendant in delivering him impure stock seed rendered that portion of said contract requiring the plaintiff to grow five acres of long white spine cucumber seed impossible of performance."

The defendant moved to strike the above mentioned allegations of the replication on the ground "that the same is a departure from the cause of action as set forth in the complaint." The motion was denied, and the case came to trial before a jury upon the issues made by the pleadings. The issues were found in favor of the plaintiff, and judgment was rendered in accordance with the verdict. The defendant brings error.

The first question discussed in the brief of plaintiff in error relates to the trial court's ruling upon defendant's motion to strike portions of the replication. It is contended that the plaintiff's reply, in respect to the allegations thereon which have been hereinbefore noticed, was a departure from the allegations of the complaint and hence not permissible under the rule that a plaintiff cannot change the cause of action in his replication.

The plaintiff in his complaint set forth so much of the contract as was essential to his cause of action, stating the part of the contract relied on according to its legal effect. No demurrer was interposed to the complaint. The defendant in his answer set forth certain additional terms of the contract and alleged a nonperformance of such terms by the plaintiff. This was new matter, set up by way of an

affirmative defense. The replication subsequently filed by the plaintiff, in respect to the allegations complained of in the defendant's motion, merely alleged matters which constitute an answer to the new matter which was set up in the answer. This was permissible. 1 3C. J. 747. The allegations of the replication were not inconsistent with those of the complaint.

The facts and the pleadings in the instant case, so far as the question of departure is concerned, are analogous to those appearing in the case of *Erickson v. F. McClellan & Co.*, 46 Wash. 661, 91 Pac. 249. We adopt as a part of this opinion, the following language from the case cited:

"A departure in pleading takes place when, in a subsequent pleading, a party deserts the ground taken in his last antecedent pleading and resorts to another. Here there was no desertion of the cause of action set out in the complaint. The respondent (plaintiff below) was still compelled, in order to recover, to prove the principal allegations of his complaint, and the most that can be said against the pleading is that the entire cause of action is not set out in the complaint. But to set out a part of the cause of action in the complaint and the balance in the reply is not a departure in pleading."

For the reasons above indicated there was no error in overruling the motion to strike, nor in the trial court's rulings on evidence where the defendant made objections based on the theory that there was a departure in the replication.

The plaintiff in error further contends "that as a matter of law, plaintiff was not entitled to recover." To support this contention, counsel quotes that portion of the contract which provides that the defendant "may refuse to accept the crop" if in his judgment the same is in any respect "unfit for seedmen's use," and also quotes from the contract the following clause:

"No payment is to be made for any seed which you (meaning the defendant) do not consider sufficiently pure, clean, and dry for seedmen's use."

After discussing the validity and effect of such provisions, counsel next states that "the evidence in this case shows" that the defendant notified the plaintiff "that the seed were unfit for seedmen's use and that he would not accept the same."

From the foregoing situation plaintiff in error draws the conclusions that he, defendant below, had the right to refuse to accept any pay for the seed delivered. The conclusion, however, is not warranted by the pleadings and the evidence in this case. The contract provided that the plaintiff was to grow the seed from "Stock Seed to be furnished" by the defendant. The plaintiff's replication while admitting that plaintiff failed to deliver pure and unmixed seed also alleged, in effect, that plaintiff's non-compliance with the contract as to the character of the seed to be furnished by him was due to the act of the defendant in furnishing impure and mixed stock seed for planting. The plaintiff introduced evidence to support such allegation, the jury found such evidence sufficient, and we cannot say that the same was insufficient to support the verdict. This being true, and the other issues also being found in favor of the plaintiff, it follows that the plaintiff was entitled to recover. If the plaintiff failed to deliver pure and unmixed seed, to the satisfaction of the defendant, such failure was due to the act of the defendant in the latter's failure to furnish to plaintiff pure and unmixed stock seed for planting. The defendant is not now in a position to escape liability on account of plaintiff's non-compliance with the contract as to the character of the seed to be delivered. 13 *Corpus Juris* 647. The rule is aptly and concisely stated in *Empson Packing Co. v. Clawson*, 43 Colo, 188, 198, 95 Pac. 307, as follows:

"He who prevents a thing from being done may not avail himself of the nonperformance which he has, himself, occasioned; or, if the performance of any obligation is prevented by one of the parties to a contract, the party thus

prevented from discharging his part of such obligation is to be treated as though he had performed it."

We find no error in the record, and the judgment is therefore affirmed.

*Affirmed.*

Chief Justice Hill and Mr. Justice Bailey concur.

Decided July 1, A. D. 1918. Rehearing denied December 2, A. D. 1918.