## WILSON v. OIL WELL SUPPLY CO.

No. 14524—Opinion Filed June 30, 1925.

**1. Pleading—Departure — Variance in Evidence.**

That which is a departure in pleading is a variance in evidence; and if the evidence in support of the reply would not sustain the allegations of the petition there is a departure.

**2. Same—Departure in Reply—When Recovery not Allowed.**

Under our code of pleading the cause of action must be stated in the petition, and no recovery can be had on a new and different cause of action set up in the reply, when the departure is attacked by motion to strike or other proper proceedings.

**3. Same—Reversible Error to Overrule Motion to Strike.**

A timely motion to strike the objectionable allegations from the pleading upon the ground that they constitute a departure is the proper way to save the question, and where such motion is overruled by the trial court this constitutes reversible error under the settled doctrine of this court.

(Syllabus by Jones, C.)

Commissioners' Opinion, Division No. 3.

Action by the Oil Well Supply Company against Douglas Wilson. Judgment for plaintiff, and defendant brings error. Reversed and remanded.

Error from District Court, Creek County; James I. Phelps, Assigned Judge.

Edward J. Fleming, for plaintiff in error.

A. Walker, for defendant in error.

Opinion by JONES, C. This is an appeal from the district court of Creek county, Okla., wherein the defendant in error, the Oil Well Supply Company, was plaintiff,

and the plaintiff in error, Douglas Wilson, was defendant, to recover the sum of $663.61, with interest. The action is based upon a certain check given by the defendant, Douglas Wilson, to the plaintiff, for the amount sued for, in payment of supplies furnished the defendant by the plaintiff. Payment on said check was refused on presentation of same and duly protested. In answer to the plaintiff's petition, the defendant pleaded as a bar, and as res judicata, a judgment of the district court of Butler county, Kan., rendered on the 8th day of January, 1923, in a case wherein the plaintiff, the Oil Well Supply Company, was plaintiff, and the defendants, Douglas Wilson et al., were defendants, wherein judgment was rendered against the said Douglas Wilson in favor of the said Oil Well Supply Company for $748.47, upon an account for goods and supplies alleged to have been sold and delivered by the said Oil Well Supply Company to the said Douglas Wilson; and the defendant further avers that said check, the basis of the instant suit, and upon which the said Oil Well Supply Company based its action in the district court of Creek county, Okla., was made and delivered for and as payment of said account for goods and supplies sued upon, and placed in judgment in the district court of Butler county, Kan., and that there was no other or different consideration for said check, and that said judgment was a bar to the further prosecution of this action.

In reply to the answer of the defendant, the plaintiff admitted that the allegations or averments of the defendant's answer were true and correct; that the account sued upon in the district court of Butler county, Kan., was the identical account for which the the check was given, which is the basis of this suit pending in Creek county, Okla., attached to its reply a copy of the judgment obtained in the district court of Butler county, Kan., and made the same a part thereof, and further alleged in its reply that the said Douglas Wilson, defendant in this case was entitled to an offset or counterclaim against said judgment, and that the account and check sued upon in this cause has been merged in said judgment, and prays for judgment against said Douglas Wilson for the amount of said judgment. The defendant, Wilson, filed a motion to strike from said reply the allegations of the plaintiff's reply concerning the judgment and the prayer of plaintiff's reply, for the reason that same constituted a departure and set forth an entirely new cause of action from the cause of action alleged in plaintiff's petition.

The motion to strike was overruled by the court, exceptions duly taken and allowed, and thereafter both the plaintiff and the defendant interposed motions for judgment on the pleadings. The court denied the motion of plaintiff in error, Wilson, and sustained the motion of the defendant in error, the Oil Well Supply Company, and rendered judgment on said judgment of the district court of Butler county, Kan., in the amount thereof, to wit $748.48, in favor of the Oil Well Supply Company, and against the said Wilson; from which order and judgment of the court, appellant prosecutes this appeal and sets forth various assignments of error, which all go practically to one question, that of the error of the court in denying the motion of the appellant, Wilson, to strike, and in rendering judgment on the allegations of the reply asking for judgment upon the judgment of the district court of Butler county, Kan., entirely abandoning the prayer of plaintiff's petition for judgment on the check.

Section 4737, Rev. Laws 1910, sets forth the manner of pleading, and requires that the petition must contain:

"A statement of facts constituting the cause of action, in ordinary and concise language and without repetition."

And further provides:

"When the answer contains new matter, the plaintiff may reply to such new matter, denying, generally or specifically, each allegation controverted by him; and he may allege in ordinary and concise language, and without repetition, any new matter not inconsistent with the petition, constituting a defense to such new matter in the answer."

In this case, the cause of action stated in plaintiff's petition is based on the protested check and the protest fee, and it prays for judgment in the sum of $663.61; in the reply, no denial of the averments or allegations of the defendant's answer is made, but all of the substantial averments contained in the answer are admitted, and it is further alleged that the check, which was the basis of the cause of action as set forth in its petition, had been merged in the judgment of the district court of Butler county, Kan., and set forth the judgment of said court, and concludes with a prayer for judgment based on the judgment of the district court of Butler county, Kan., and for the amount thereof, to wit, $748.48.

In the case of Johnson v. State Bank of Seneca, 59 Kan. 250, 52 Pac. 860, we find the following language:

"The district court erred in admitting the

evidence of the plaintiff below under the pleadings in the case. The reply constituted what is called a 'departure' in pleading. A departure is a statement of matter in a reply, replication, rejoinder or subsequent pleading, as a cause of action or defense, which is not pursuant to the previous pleading of the same party, and which does not support and verify it; and a test of departure in a reply is the question whether evidence of the facts alleged in it would be, if received, contradictory of the allegations of the petition. 6 Enc. Pl. & Prac. 460; Bliss, Code Pl. (3rd Ed.) §396; Baker v. Long, 17 Kan. 341. The petition alleged ownership, positive and unqualified, in the plaintiff. The reply admitted the ownership to be that of a mortgagee, which is ownership qualified and special. The allegations of these pleadings required for their support an entirely different character of evidence. The reply, therefore, was not pursuant to the petition, and did not support and verify it. * * *"

In Beakey v. Meerschen, 78 Kan. 538, 97 Pac. 478, the court held:

"Where the defendant in a civil action files an answer, which in addition to a defense * * * alleges facts which constitute a new * * * cause of action by way of set-off, and prays for judgment * * * plaintiff may not in his reply aver new matter which constitutes a counterclaim or set-off, on which he asks for affirmative relief, but his statements must be confined to facts which constitute a defense to the answer.".

In the case of National Fire Insurance Co. v. Nichols, 85 Okla. 24, 204 Pac. 272, this court held:

"Where, in an action on an insurance policy, the petition alleges that the insured has fully complied with all the terms and conditions of the policy, and the insurance company answers that the insured has not complied with the condition requiring proof of loss, and the reply admits the allegations of the answer, and by way of avoidance sets forth facts sufficient to constitute a waiver, the allegations of the reply constitute a departure."

In the case of Smith v. Nichols, 5 Bing. N. C. 208, 7 Scott. 147, 35 E. C. L. 88, the following rule is announced:

"That which is a departure in pleading is a variance in evidence; and if the evidence in support of the reply would sustain the allegations in the declaration, there is no departure."

The same rule is followed in Troup v. Smith, 20 Johns (N. Y.) 32; Childs Lumber & Mfg. Co. v. Page. 28 Wash. 128, 68 Pac. 373; 18 Corpus Juris, 490; and in 9 Cyc. 741, under the chapter on "Departure," the author states:

"It is not the office of a reply to state a cause of action, and the plaintiff is permitted to plead in his reply matters which are material only to the cause alleged in his complaint or petition. Much less will he be permitted to recover on a distinct cause of action which is pleaded for the first time in his reply. * * * He cannot be awarded an entirely different judgment from that prayed for in the first instance."

Applying the test as set forth in these various authorities to the facts, as established by the pleadings in this case, we think the matters set up in the reply clearly constitute a departure. It is obvious that proof of the facts alleged in the plaintiff's petition concerning the protested check would not be material, competent or relevant, as evidence of the judgment pleaded in the reply, and competent evidence or proof of the judgment as pleaded in the reply would clearly constitute a variance between the evidence and the pleadings as set forth in plaintiff's petition. It is further evident that the judgment awarded by the court in this case, based exclusively upon the judgment of the district court of Butler county, Kan., is an entirely different judgment and based on an entirely different cause of action from the cause set up in plaintiff's petition, and the judgment prayed for in plaintiff's petition. Following these rules of law, which seem to be well established and based upon good reason, and in keeping with the provision of our Code, we are inclined to the opinion that the trial court was in error in denying the motion of the defendant to strike, and in rendering judgment based upon the allegations and prayer of the plaintiff's reply.

The record further discloses that this suit was pending in the district court of Creek county, Okla., at the time the judgment was rendered by the district court of Butler county, Kan. The plaintiff was seeking or pursuing two separate and distinct remedies, which is permissible in some instances, but we think it is a well-established rule of law in this jurisdiction that, where a party pursues two consistent remedies in different courts, where he prosecutes one to final judgment, and recovers such judgment as he is entitled to and which gives complete relief, he is thereby estopped from further pursuing or prosecuting the other cause, and we think the plea of the defendant in this case set up in his answer, whereby the judgment of the district court of Butler county is shown to have become a final judgment, was a bar to the further prosecution of this action. We therefore recommend that the judgment of the trial court be reversed, and the cause remanded

for a new trial in conformity with the rules of law as set forth in this opinion.

By the Court: : It is so ordered.

Note.—See under (1) 31 Cyc. p. 255. (2) 31 Cyc. p. 255. (3) 31 Cyc. p. 670.