## KINTNER v. UNITED STATES.
### No. 998.

Circuit Court of Appeals, Tenth Circuit.
June 18, 1934.

Sherman A. Sutliff, of Denver, Colo. (Frank E. Gove and Kenaz Huffman, both of Denver, Colo., on the brief), for appellant.

Randolph C. Shaw, Sp. Asst. to Atty. Gen. (Thomas J. Morrissey, U. S. Atty., and Richard A. Toomey, Atty., Department of Justice, both of Denver, Colo., and Will G. Beardslee, Director, Bureau of War Risk Litigation, and Fendall Marbury, Atty., Department of Justice, both of Washington, D. C., on the brief), for the United States.

Before PHILLIPS, McDERMOTT, and BRATTON, Circuit Judges.

McDERMOTT, Circuit Judge.

The trial court dismissed this action on a war risk insurance policy on the ground that the reply set up a new cause of action and that, being filed after the Act of March 20, 1933, § 17 (38 USCA § 717) there was no jurisdiction over the defendant.

The complaint, filed on July 5, 1929, alleged that insured entered the service on June 27, 1918, and shortly thereafter was granted war risk insurance, evidenced by a certificate thereof; that insured paid all premiums until February 20, 1923; "that while said insurance certificate was in effect, said Kintner died of a gun shot wound through the head."

The defendant in its answer alleged that the policy sued on lapsed for nonpayment of premiums on January 1, 1919; that there was a reinstatement on June 4, 1920, and another lapse on October 1, 1922. In reply, plaintiff alleged that after the 1922 lapse, the policy was again reinstated and was in full force and effect on February 20, 1923, which apparently was the date of the death. The reply was filed July 11, 1933.[1] A demurrer to this reply was sustained. The plaintiff declined to plead further, and her action was dismissed.

Since the cause was argued, the Supreme Court of the United States has held that that part of section 17 of the Economy Act of March 20, 1933, which purported to repeal "all laws granting or pertaining to yearly re-

---

[1] The record affords no explanation for this delay of more than three years after the answer was filed, in filing a short reply thereto. Such protracted delays are responsible, in large measure, for the wide criticism leveled at the administration of justice in this country. The delay in filing this reply is directly responsible for the delay incident to the appeal.

newable term insurance" violates the Fifth Amendment to the Constitution. Lynch v. United States (U. S.) 54 S. Ct. 840, 78 L. Ed. 1434. The judgment below must therefore be vacated and the demurrer to the reply overruled. Legislation subsequent to the Economy Act is not considered for the reasons indicated by the Supreme Court in the cited case.

Since the cause must be remanded for further proceedings, it is proper to say that we do not consider the specific allegations of the reply a departure from the general allegations of the complaint. In her complaint plaintiff alleged that she was the beneficiary in a policy which was in full force and effect when insured met his death. Under that allegation, proof was admissible that such insurance was a reinstatement of an earlier policy. The allegation in the reply of that fact was therefore but a more specific averment of the general allegation in the complaint; it was not an abandonment of the cause of action sued on, nor a departure therefrom. There is no departure unless the reply sets up a different cause of action from that alleged in the complaint. A more specific statement, or a strengthening, of the original cause of action, or avoidance of a defense pleaded in the answer, does not constitute a departure. A rule of thumb test, generally accurate, is whether evidence adduced in support of a reply would involve a fatal variance from the complaint. Thayer v. Denver & R. G. R. R. Co., 21 N. M. 330, 154 P. 691, 698; Wilson v. Oil Well Supply Co., 111 Okl. 63, 238 P. 415; Jacobs v. Chicago, P. & St. L. R. R. Co. (Mo. App.) 204 S. W. 954.

As in Ankeny v. Clark, 148 U. S. 345, 13 S. Ct. 617, 620, 37 L. Ed. 475, the reply here does not purport to set up "a new cause of action, inconsistent with the statement made in the complaint." On the contrary, the reply in this case, as did the replication in Wilson v. Codman's Executors, 3 Cranch, 193, 207, 2 L. Ed. 408, "fortifies, and does not depart from the declaration." The Supreme Court of Colorado, in Burrell v. Masters, 65 Colo. 310, 176 P. 316, adopted the following language from the opinion in Erickson v. F. McLellan & Co., 46 Wash. 661, 91 P. 249: "A departure in pleading takes place when, in a subsequent pleading, a party deserts the ground taken in his last antecedent pleading and resorts to another. * * * But to set out a part of the cause of action in the complaint and the balance in the reply is not a departure in pleading."

To the same effect, see Moyle v. Bullene, 7 Colo. App. 312, 44 P. 69; Denver & R. G. Railroad Company v. Cahill, 8 Colo. App. 164, 45 P. 285; Jamieson House Furnishing Co. v. Brainard, 16 Colo. App. 509, 66 P. 675; Minter v. Shearer, 117 Kan. 511, 232 P. 249; Galesburg & K. Elec. Ry. Co. v. Hart (C. C. A. 7) 221 F. 7.

The judgment is reversed and the cause remanded for further proceedings not inconsistent with this opinion.

Reversed and remanded.