109 P.2d 788

**BROWN v. MITCHELL et al.**

No. 4544.

Supreme Court of New Mexico.

Nov. 26, 1940.

Rehearing Denied Feb. 14, 1941.

W. A. Dunn, G. T. Watts, James T. Jennings, and Lake J. Frazier, all of Roswell, for appellants.

John E. Hall, of Carrizozo, for appellee.

ZINN, Justice.

This action was brought for the breach of an oral contract. The defendants (appellants here) denied the existence of any contract. The trial court found that there was a contract and that same had been breached by the defendants. It rendered judgment in favor of the plaintiff (appellee here) for $996.60. The case is before this court on appeal by defendants from such judgment.

The complaint, among other matters, alleged that the defendants made an offer to the plaintiff that if he would cause certain cattle which were pasturing on his range to be removed, and would furnish pasturage, range, water and salt for eighty head, the defendants would deliver on the plaintiff's range eighty cows with calves at side, or springer cows, as soon as the range became available for use. The defendant was to receive as compensation half of the increase and the division was to be made in the fall of the following year. The plaintiff accepted the offer and did remove the cattle that were on his range, made the range available for use by the defendants as per their offer, and so notified them. The defendants breached the contract by refusing to furnish the cows, thereby causing the plaintiff to lose his share of the calf crop to his damage in the sum of $1,200.

The plaintiff proved and the court found substantially as alleged in the complaint. The trial court made its legal conclusions accordingly and awarded judgment.

On appeal the defendants set up four assignments of error, substantially as follows:

1. That the evidence fails to establish the formation of a valid contract between the parties;

2. That the evidence does not support the court's finding that the plaintiff was ready, willing and able to perform his part of the contract;

3. That there had been a breach of the contract; and,

4. That the evidence does not support the court's finding that the plaintiff acted as a reasonable and prudent person who did all that he could reasonably be expected to do to minimize the damages, but that the damages could not be minimized.

The first error assigned is abandoned because not argued.

The defendants strenuously argue under the second assignment of error that the plaintiff was unable to perform his part of the contract; that such inability excused the defendants from performing their part of the contract. This assertion of inability is predicated upon a theory advanced here for the first time by the defendants. It is their theory that the plaintiff, not having title to the water that was essential to the care of the defendants' cattle, was unable to perform his part of the agreement and therefore the defendants were excused from performing their part of the agreement. The argument of the defendants is not that the plaintiff lacked water, but lack of title to the place from whence the water came. An ingenious, though specious theory of justifying their breach, to say the least. The argument is not impressive.

The record fails to show that the plaintiff could not have furnished the water necessary to water the eighty head of springer cows if the defendants had placed them on the plaintiff's range. The fact that the title to the land, whence the water came was not in the plaintiff is totally immaterial.

However, the theory of the defendants in the trial court and on which the case was tried in the lower court was that there was no contract in existence— that a contract had never in fact been made. They now change their theory. This they cannot do. We merely set forth the theory proposed here for the first time because of its novelty. We, however, must take the case as formed by the pleadings and as tried to the court below, and from that state of the record determine if the trial court erred. It is a fundamental rule of appellate practice that ordinarily this court will consider only such questions, other than jurisdictional, as were raised below. We will not consider such questions raised here for the first time. This rule requires no citation of authority.

We find no merit in the defendants' third assignment of error. Their argument is that there was no breach of contract at the time suit was brought and that the plaintiff was not justified in bringing suit by treating the contract as renounced by the defendants. They claim that only four days intervened between the last demand made upon them for performance and the time the complaint was filed. From this they argue that it was im-

possible for them to perform in the short time allotted, and that there was no definite breach of the contract on their part.

The record shows that the defendants requested the court to find, and the court did find as follows: "That the defendant told the plaintiff about February 15, 1939, that he had not been able to obtain any cattle and that if the plaintiff wanted to put other cattle on his ranch to do so."

The record also shows that the defendants were to perform by placing the cattle on the ranch immediately after the cattle that were on the plaintiff's range had been removed and that the plaintiff had made several requests and demands upon the defendants for performance.

We hold with the trial court, and the record supports such holding, that the defendants did not intend to perform the contract at any time and that the plaintiff was justified in so believing. He was justified under the circumstances in bringing suit when he did.

We also hold with the plaintiff and against the defendants on the fourth assigned error. This is to the effect that the plaintiff did not exercise reasonable care and diligence to minimize or lessen the resulting damage.

After evidence on the question of mitigation of damages was offered at the trial, without objection on the part of the plaintiff, the court made a finding of fact as follows: "That a prudent and reasonable person after learning definitely on February 15, 1939 that the defendants did not intend to carry out said contract could not have minimized the damages, and that the plaintiff was a reasonable and prudent person, and that he did all that he could reasonably be expected to do to minimize said damages, but that damages could not be minimized."

The evidence amply supports the court's finding that the plaintiff could not minimize the damages. The plaintiff testified on cross-examination that before the filing of this suit he did make an effort to get cattle on the place. When he decided he was not going to get the cattle, he bought some goats, but was unable to secure a license to run goats out there. Later he made another effort to obtain some cattle. In February he could not obtain cattle on shares, under the same terms he had with Mr. Mitchell, because there were not many cattle left in the country. The record also shows that the plaintiff had been unable to get any income or derive anything from the ranch. Another witness testified that there were no stocker cattle available after the first of the year on shares. There is other evidence in the record to show that there was a scarcity of cattle, and especially of stocker cattle, in the spring of 1939.

We believe that there is substantial evidence in the record to support the court's finding. Such finding of fact being supported by substantial evidence, it will not be disturbed on appeal.

For the reasons given, the judgment of the trial court will be affirmed.

It is so ordered.

BICKLEY, C. J., and BRICE, SADLER, and MABRY, JJ., concur.