239 P.2d 727

**GIBBS v. WHELAN.**

No. 5432.

Supreme Court of New Mexico.

Jan. 8, 1952.

Dudley Cornell, Albuquerque, for appellant.

Paul B. Palmer, Farmington, for appellee.

LUJAN, Chief Justice.

The plaintiff-appellee instituted this suit against the defendant-appellant to collect a certain sum of money alleged to be due him pursuant to a verbal contract of hire. The issues were resolved in favor of plaintiff and defendant appeals from the judgment entered against him.

Omitting the formal part of the complaint the plaintiff alleges: "That on or about the 15th day of January 1949 the defendant employed the plaintiff, under verbal contract, to work for the said defendant on the basis of $500.00 monthly; that during the balance of 1949 and to the 15th day of March 1950 the plaintiff earned under said verbal agreement the total sum of $6750.00; that there has been paid and credited on account the sum of $4344.00 leaving a balance due to the plaintiff of $2406.00; that demand for payment thereof has been made, which defendant refuses."

The defendant answered as follows: "Defendant denies that the plaintiff was employed under a verbal contract to work for the defendant on the basis of $500.00 a month, but alleges the fact to be that the defendant was employed at a rate of $400.00 a month to work for the defendant and all of plaintiffs wages have been paid, defendant denies that there is a balance due the plaintiff of $2406.00 or any other sum."

Plaintiff testified substantially as follows: That during the latter part of November or the early part of December, 1948, the defendant called him at his home in Farmington, New Mexico, over the long distance telephone, and inquired whether or not he would be interested in working for him on the field as a magnatometer operator. At that time the defendant told him that he had a good proposition for him and would have considerable work lined up right out of Farmington. That the work would last at least five years. He told the defendant that he was working permanently as a meat cutter for the Piggly Wiggly Store at a salary of approximately $375 a month. The defendant told him that he was prepared to beat that proposition and offered him $500 per month. That he relied upon the representation made to him by the plaintiff and he quit his job with the Piggly Wiggly Store. That he commenced working for the defendant as a magnatometer operator on February 1, 1949. That he performed all work lined up for him by the defendant. That on many occasions he did not perform any work because none was lined up for him, but was available at any time the defendant called upon him. That he never was discharged.

On March 21, 1950, the defendant wrote the plaintiff the following letter: " * * * It would appear that you will not be able to keep on with my work since your wife's health is so poor and I am going to suggest that you try and get something like the Pig job that will let you stay there all the time, but you will have to be the judge on whether you can handle this situation or not but so far you have not."

The cause was tried to the court without a jury, at the conclusion of which, the court made the following findings of fact:

"No. 1. That the defendant, Mark Whelan, employed the plaintiff, Dean Gibbs, under a verbal contract, at a wage of $400.00 per month.

"No. 2. That it was understood between the parties that the compensation would be increased to $500.00 per month at such time as the plaintiff had achieved sufficient proficiency in the operation of the magnatometer so that he could take it into the field alone and make all necessary calculations and reports without checking or super-

vision, but that the plaintiff was never able to do so.

"No. 3. That the plaintiff worked for, *or made himself available to work* for the defendant under such verbal agreement, from the 1st day of February, 1949, through the 15th day of March, 1950." (Emphasis ours).

From the foregoing findings of fact the court concluded as a matter of law: "No. 2. That the plaintiff is entitled to judgment against the defendant in the sum of $972.14, together with his costs expended."

239 P.2d—46½

■ The defendant assigns eighteen errors. The first fifteen will not be considered by us in view of the fact that defendant has completely failed to comply with the rule of this court in that he had omitted to set out in his brief the requested findings of fact which he claims the trial court erroneously refused to adopt and also failed to set out in his brief the findings of fact made by the court which he claims are erroneous. Likewise, he failed to inform us which assignments of error he covers under his various points. Lea County Fair Ass'n v. Elkan, 52 N.M. 250, 197 P.2d 228.

Under his assignment of error No. 16, the defendant contends that the court erred in its conclusion of law that the plaintiff is entitled to judgment against him in the sum of $972.14. We are unable to agree with this contention.

■ This cause of action is predicated upon the verbal agreement entered into by and between the parties hereto whereby the defendant hired and agreed to pay the plaintiff a specified sum for labor and services to be rendered. It appears from the record that the plaintiff performed all the work lined out for him by the defendant; that there were intervals of time when plaintiff did not perform any work at all, through no fault of his, due to the fact that no work had been lined up for him by the defendant; that the plaintiff was subject to call and was at all times available, ready and willing to perform such work as would be lined out for him; that it was represented to him by the defendant at the time he was hired that there would be enough work to last at least five years; that plaintiff relied upon said representation and quit a permanent position to go to work for the defendant; that he was never discharged by the defendant until approximately four months prior to the filing of this cause of action. The defendant having voluntarily failed to line up work for the plaintiff thus preventing him from fulfilling his agreement, will not be permitted to deny liability. A party to a contract cannot

take advantage of his own act or omission to escape liability thereon. 17 C.J.S., Contracts, § 468, page 966. In Payne v. Pathe Studios, Inc., 6 Cal.App.2d 136, 44 P.2d 598, 600, the court in dealing with a similar situation said: " * * * This action is not one for damages based upon the breach of a contract of hiring, but is an action based upon the contract itself, as construed and interpreted, upon an express promise to pay for at least four weeks' services at $1,250 per week, or a minimum of $5,000. It appears from the findings that plaintiff's assignor was at all the times in question ready, able, and willing to work for defendant as an actress, if work had been offered her by defendant, and that no work was offered and that she was not discharged. These findings left the contract, as construed, in full force, with a right of action upon it; and it is no defense upon such a contract to say that plaintiff's assignor has not performed her duties thereunder. Stone v. Bancroft, 112 Cal. 652, 44 P. 1069. Where it appears that the complaining party to a contract of hire was prevented from working by the defendant, the contract need not be treated as broken, but the party, though he has performed no service under it, may sue on the contract and recover the agreed compensation. Stone v. Bancroft, 139 Cal. 78, 70 P. 1017, 72 P. 717; Downs v. Atkinson, 207 Cal. 259, 277 P. 723."

See, also, Overton v. Vita-Food Corporation, 94 Cal.App.2d 367, 210 P.2d 757.

■ The defendant having voluntarily failed to line up work for the plaintiff to perform, he will not be permitted to deny liability under their agreement. 17 C.J.S., Contracts, § 468, page 966; 12 Am.Jur. page 957, Section 381. Where a party to a contract prevents the fulfillment of a condition precedent or its performance by the adverse party, he cannot rely on such condition to defeat his liability. Bernstein v. Fagelson, 38 Ga.App. 294, 143 S.E. 237, 238; Burrell v. Masters, 65 Colo. 310, 176 P. 316; Edelman v. Boardman, 332 Pa. 85, 2 A.2d 393; Dockery v. Durham, Tex.Civ. App., 3 S.W.2d 514.

■■ If the plaintiff failed to perform any work at all during certain intervals, such failure was due to the act of the defendant in the latter's failure to line up work for the plaintiff. The defendant is not now in a position to escape liability on account of plaintiff's noncompliance with the agreement as to the amount of work to be performed. In Empson Packing Co. v. Clawson, 43 Colo. 188, 198, 95 P. 546, 549, the court said: "He who prevents a thing from being done may not avail himself of the nonperformance which he has himself occasioned; or, if the performance of an obligation is prevented by one of the parties to a contract, the party thus prevented

from discharging his part of such obligation is to be treated as though he had performed it."

We have carefully examined the entire record and find that the findings of fact made by the court upon which the conclusion of law complained of is based are supported by substantial evidence and therefore will not be disturbed by us.

Assignments of error Nos. 17 and 18 are not argued in defendant's brief. This court has repeatedly held that matters presented by assignments of error and not followed up and argued in appellant's brief will be deemed to have been abandoned or waived by him. Heisel v. York, 46 N.M. 210, 125 P.2d 717; Brown v. Mitchell, 45 N.M. 71, 109 P.2d 788.

The plaintiff assigned nine cross-errors, all of which will be disregarded in view of the fact that he has likewise, committed the same infraction of the rule as was chargeable to the defendant in his assignments of error Nos. 1 to 15 inclusive.

It follows from what has been said that the judgment of the trial court will be affirmed as to both the appeal and cross-appeal.

It is so ordered.

SADLER, McGHEE, COMPTON and COORS, JJ., concur.