This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**PHIL SANCHEZ and TESSIE SANCHEZ,**

Plaintiffs-Appellants,

v.                                                                              **No. A-1-CA-36221**

**DAVID SANCHEZ,**

Defendant/Counterplaintiff-Appellee,

and

**BARBARA SANCHEZ,**

Counterplaintiff.

**APPEAL FROM THE DISTRICT COURT OF RIO ARRIBA COUNTY**
**Sarah M. Singleton, District Judge**

New Mexico Firm, LLC
Nathaniel V. Thompkins
Santa Fe, NM

for Appellants

Sommer, Udall, Hardwick & Jones, P.A.
Jack N. Hardwick
Santa Fe, NM

for Appellee

**MEMORANDUM OPINION**

**DUFFY, Judge.**

**{1}** Plaintiffs Phil Sanchez and Tessie Sanchez appeal the district court's final judgment dismissing their complaint for quiet title and other relief with prejudice and

awarding costs to their son and daughter-in-law, David Sanchez and Barbara Sanchez (collectively, Counterclaimants). We affirm.

**BACKGROUND**

**{2}**     The parties dispute title to two New Mexico properties: one in Las Nutrias and one in Monero (the Properties). The Properties were originally owned by Nicolas Sanchez, the father of Plaintiff Phil Sanchez and his brother, Fidel Sanchez. Nicolas conveyed all of his interest in the Properties to Plaintiffs, Fidel, and Fidel's wife, Gloria, under a deed that restricted future conveyances to the four of them. In 1996, after Fidel died, Gloria conveyed her interest in the Properties to Plaintiffs under a warranty deed and installment payment agreement. David contends that the parties understood that he would pay the installments to purchase Gloria's one-half interest in the Properties and that, upon payment of the purchase price, Plaintiffs would convey a one-half interest in the Properties to David. No direct sale could be made to David because of the restriction on transfer set forth in the deed from Nicolas, and consistent with David's understanding of the events, the 1996 deed from Gloria to Plaintiffs expressly stated that the limitation on future conveyances did not apply to the 1996 deed. David paid Plaintiffs, who in turn paid Gloria. Almost nine years after the purchase contract was signed, Plaintiffs executed a warranty deed from Plaintiffs to Plaintiffs and David on May 6, 2005, "for obtaining base property for cattle permits."

**{3}**     On March 16, 2015, Plaintiffs filed a quiet title lawsuit against David and sought to extinguish any claim of ownership he may have in the Properties. They alleged that they did not intend to grant David a permanent interest in the Properties, but rather intended only to temporarily convey an interest in the Properties so that he could obtain grazing permit leases from the United States Forest Service. According to Plaintiffs, they believed that David would convey the Properties back to them after he secured the grazing permits, as Plaintiffs and David had done with other properties. David filed a counterclaim alleging that he owned a one-half interest in the Properties and that his wife, Barbara, owned a community interest as a result of her marriage to David.

**{4}**     After a three-day bench trial, the district court entered a written decision, findings and conclusions, and a final judgment in favor of David on count one of his counterclaim, finding that he owned a one-half interest in the Properties. The district court found that "for [Plaintiffs] to succeed in their quiet title complaint, they must set aside the 2005 deed," and determined that the gravamen of their argument for doing so was that David had fraudulently obtained the deed. Consequently, the district court determined that Plaintiffs were required to come within the four-year statute of limitations for fraud, and because they had not, their claim was barred. The court also concluded that the doctrine of equitable estoppel prevented Plaintiffs from denying David's interest in the properties. The district court further found that David had not procured the 2005 deed by fraud, that Plaintiffs intended to grant David a one-half interest in the Properties pursuant to the purchase contract, and that the 2005 deed "on its face grants David an interest in the [Properties]."

**DISCUSSION**

{5}    On appeal, Plaintiffs challenge only the district court's dismissal of their complaint, arguing that the district court erred in (1) characterizing their quiet title claim as a fraud claim, subject to a four-year statute of limitations, and (2) applying equitable estoppel to preclude their denial of David's interest in the Properties. We reviewed Plaintiffs' briefing for any argument challenging the district court's ruling on the counterclaim and found none. While Plaintiffs raised the issue of "[w]hether the district court erred, as a matter of law, in [q]uieting [t]itle in favor of [David] on his counterclaim" in their docketing statement, they did not present any argument addressed to this issue in their brief in chief.[1] "All issues raised in the docketing statement, but not argued in the brief in chief are deemed abandoned." *Fleming v. Town of Silver City*, 1999-NMCA-149, ¶ 3, 128 N.M. 295, 992 P.2d 308; *see also Gibbs v. Whelan*, 1952-NMSC-005, ¶ 15, 56 N.M. 38, 239 P.2d 727 ("[Our Supreme C]ourt has repeatedly held that matters presented by assignments of error and not followed up and argued in appellant's brief will be deemed to have been abandoned or waived by [the appellant]."). Consequently, even if the district court erred in dismissing Plaintiffs' complaint, it appears that Plaintiffs would be without a remedy on remand because the district court decided the merits in favor of David on his counterclaim, and that decision is unchallenged on appeal. *Watkins v. Local Sch. Bd. of Los Alamos Sch.*, 1975-NMSC-048, ¶ 9, 88 N.M. 276, 540 P.2d 206 (stating that "a party to an action who does not appeal is presumed to be satisfied with the judgment rendered by the court below"). As such, Plaintiffs' claims on appeal would be moot as no actual controversy remains regarding title to the property and thus, this Court can grant no actual relief. *Gunaji v. Macias*, 2001-NMSC-028, ¶ 9, 130 N.M. 734, 31 P.3d 1008 ("As a general rule, [the appellate courts do] not decide moot cases. A case is moot when no actual controversy exists, and the court cannot grant actual relief." (internal quotation marks and citations omitted)).

{6}    We ordered the parties to provide supplemental briefing to address "why this matter is not moot, given that the district court decided the case on the merits in favor of

---

[1] We note that Counterclaimants invoked equitable estoppel both as an affirmative defense to Plaintiffs' complaint and as a basis for granting their quiet title claim in their counterclaim. We reviewed the briefing and the district court's orders to evaluate whether Plaintiffs' equitable estoppel argument in their brief in chief related to the complaint or to the counterclaim. The district court's orders make clear that it applied equitable estoppel only as an affirmative defense to Plaintiffs' complaint, and granted the counterclaim for quiet title on different, independent grounds. The district court structured its conclusions of law to separately address the complaint and counterclaim, and further separated its conclusions to address each of the causes of action set forth the respective pleadings. Under the section entitled "PLAINTIFF'S COMPLAINT," the district court stated that "[Plaintiffs'] Complaint to Quiet Title is barred by the doctrines of laches and estoppel." In comparison, the two conclusions of law set forth under the heading "COUNTERCLAIM, Quiet Title and Injunctive Relief" state that "David [was] the owner of an undivided one-half interest in the [Properties] and the [c]ourt hereby grants a decree quieting David's title to an undivided one-half interest in the . . . Properties," and that "[Plaintiffs] are enjoined from interfering with David's peaceful use and enjoyment, as a co-tenant, of the . . . [P]roperties." The district court did not include equitable estoppel as a basis for granting the counterclaim. Further, the district court's written decision contains a detailed discussion of the court's equitable estoppel analysis and why, based on the facts of this case, equitable estoppel operates to bar Plaintiffs' quiet title claim. Therefore, Plaintiffs' equitable estoppel argument can only be considered a challenge to the dismissal of the complaint, not a challenge to the grant of the counterclaim.

[Counterclaimants on their] counterclaim for quiet title, and the court's findings and conclusions as to that claim are not challenged on appeal." Plaintiffs' supplemental brief raised three arguments as to why their case is not moot. First, they assert that this Court may consider arguments for the first time on appeal. While this is true, the question in this case is whether we should decide an issue that was properly preserved in the district court yet not challenged on appeal. *See Fleming*, 1999-NMCA-149, ¶ 3 (declining to address conclusions of law not challenged on appeal). Plaintiffs contend that they "implicitly and in some instances explicitly attack the trial court's granting of [Counterclaimants'] quiet title complaint." Our rules of appellate procedure, however, provide no basis for a review of "implicit challenges" by this Court. Rule 12-318(A)(4) NMRA ("The argument [in the brief in chief] shall set forth a specific attack on any finding, or the finding shall be deemed conclusive. A contention that a verdict, judgment, or finding of fact is not supported by substantial evidence shall be deemed waived unless the argument identifies with particularity the fact or facts that are not supported by substantial evidence[.]"). Plaintiffs have not demonstrated that they adequately challenged the district court's findings, conclusions, and judgment in favor of David on his counterclaim, and as a result, we conclude the matter is moot.

**{7}** Plaintiffs argue that, if we conclude this case is moot, we should nevertheless review it as being a matter of substantial public interest or as one which is capable of repetition yet evades review. *See Gunaji*, 2001-NMSC-028, ¶ 10. First, we are not persuaded that this case raises an issue of substantial public interest, as Plaintiffs have not shown that the issues underlying the parties' litigation—ownership interests in the Properties—impact anyone other than the parties. *Cf. Republican Party of N.M. v. N.M. Taxation & Revenue Dep't*, 2012-NMSC-026, ¶ 10, 283 P.3d 853 ("A case presents an issue of substantial public interest if it involves a constitutional question or affects a fundamental right such as voting."). Second, the judgment in favor of David's counterclaim was capable of review, and therefore, Plaintiffs have failed to demonstrate how the second mootness exception is applicable here. *Id.* ("An issue is capable of repetition yet evading review if the issue is likely to arise in a future lawsuit, regardless of the identity of the parties." (internal quotation marks and citation omitted)). Consequently, we conclude that Plaintiffs' failure to challenge the district court's findings and conclusions in favor of David on his counterclaim, and the final judgment entered thereupon, renders Plaintiff's appeal of the dismissal of their claims moot. We affirm the dismissal of Plaintiffs' claims.

**Costs**

**{8}** Plaintiffs also challenge the district court's award of costs to Counterclaimants as the prevailing party. Rule 1-054(D)(1) NMRA states that the prevailing party shall recover its costs "unless the court otherwise directs." "The prevailing party in litigation is the party to a suit who successfully prosecutes the action or successfully defends against it, prevailing on the main issue, even though not necessarily to the extent of his original contention." *Allred v. N.M. Dep't of Transp.*, 2017-NMCA-019, ¶ 63, 388 P.3d 998 (internal quotation marks and citation omitted). We review the district court's assessment of costs for abuse of discretion. *Mascarenas v. Jaramillo*, 1991-NMSC-014,

¶ 24, 111 N.M. 410, 806 P.2d 59; *see Mayeux v. Winder*, 2006-NMCA-028, ¶ 40, 139 N.M. 235, 131 P.3d 85 (stating that the district court has broad discretion to award costs or refuse them).

**{9}** Counterclaimants were the prevailing parties. They successfully defeated all of Plaintiffs' claims and received the relief requested in count one of their counterclaim—an interest in the Properties, which was the central issue in both lawsuits. Plaintiffs nevertheless argue that Counterclaimants' costs bill should be reduced to exclude costs incurred in litigation of any ultimately unsuccessful causes of action raised in their counterclaim. Plaintiffs, however, do not point to any items in Counterclaimants' cost bill—either in their objections filed in the district court or on appeal—that are clearly attributable to any unsuccessful claim. Further, Plaintiffs point to no authority requiring a breakdown or explanation of what percentage of each cost item pertains to each issue, nor are we aware of any such authority. We decline their invitation to create such a requirement here. We note that Plaintiffs filed objections to Counterclaimants' costs bill in the proceedings below and challenged a number of Counterclaimants' itemized costs. The district court's final judgment on Counterclaimants' cost bill demonstrates that the court duly considered Plaintiffs' objections and that the court reduced Counterclaimants' requested amount by $634.59 as a result. We see no abuse of discretion in the district court's award of costs to Counterclaimants.

**CONCLUSION**

**{10}** For the foregoing reasons, we affirm.

**{11}** **IT IS SO ORDERED.**

**MEGAN P. DUFFY, Judge**

**WE CONCUR:**

**LINDA M. VANZI, Judge**

**ZACHARY A. IVES, Judge**