93 P.2d 989

PAULOS v. JANETAKOS et al.

No. 4427.

Supreme Court of New Mexico.

Sept. 8, 1939.

Owen B. Marron and Gino J. Matteucci, both of Albuquerque, for appellant.

John F. Simms, Augustus T. Seymour, and Robert Hoath LaFollette, all of Albuquerque, for appellees.

BICKLEY, Chief Justice.

This is the second appeal of this case. The first appeal was from a judgment of dismissal upon a motion, which we treated as a demurrer to the evidence, made by defendant at the close of plaintiff's case. A new trial was awarded. See Paulos v. Janetakos, 41 N.M. 534, 72 P.2d 1. This appeal is from a judgment in favor of defendant after such new trial. For the facts in the case see our opinion on the former appeal.

Appellant (plaintiff below) assigns as error certain findings of fact made by the trial court, some of which appear in the trial court's opinion and some of which were defendant's requested findings of fact which were adopted by the court.

The ground of attack upon the findings before us for review is that they are outside the issues framed in the pleadings or are contrary to uncontradicted evidence introduced on behalf of appellant. Before considering in detail the various findings objected to, we must first inquire: Deleting entirely such findings of fact as appellant claims are objectionable, do there remain sufficient findings upon which to sustain the judgment?

The issues in the case, as set out in appellant's brief are: .

"1. Was there a contract such as that alleged in the complaint between plaintiff and decedent?

"2. Did plaintiff perform his obligations under the contract?

"3. Were the circumstances such as would justify a court of equity in decreeing specific performance of the contract?"

Defendant's Requested Finding No. 8, which was adopted by the court, is as follows: "The plaintiff failed to do and perform the things on his part, which he alleges in the complaint it was his duty to do under the contract, which he claims he made with Mary Cornetto." This finding is not here attacked on any ground, and being supported by substantial evidence and not being contradicted by or inconsistent with other findings attacked, is determinative of the issues in the case, and is, therefore, sufficient to sustain the judgment of the trial court.

Hence, it is needless to discuss further appellant's objections to other findings or decide whether such findings are immaterial or outside the issues. See 5 C.J.S., Appeal & Error, § 1787, where under a head note as follows: "The mere making of unnecessary and superfluous findings or the presence of error in findings on immaterial, irrelevant, or purely collateral issues is harmless and non-re-

versible error if the judgment is otherwise sufficiently supported", it is said:

"Reversible error cannot be found in the mere fact that the court makes superfluous and unnecessary findings.

"A judgment supported by proper findings is not vitiated by findings on immaterial points or issues, for example, on issues outside the pleadings or unsupported by evidence, or where, whatever the finding on the issue, it affords appellant no cause of action or ground of defense but is without legal consequence; such findings may be treated as surplusage and disregarded, not only in that action but also in subsequent litigation.

"However, although part of the findings are outside the issues, if, after eliminating these findings, the remaining ones are not sufficient to support the judgment, it will be reversed." 5 C.J.S., Appeal & Error, § 1787.

See also 4 C.J., Appeal & Error, § 3041; Kurtz v. Farrington, 1926, 104 Conn. 257, 132 A. 540, 48 A.L.R. 259; Douglass v. Mutual Ben. Health & Accident Ass'n, 42 N.M. 190, 76 P.2d 453.

Appellant was not prejudiced by such findings, as far as the final decision in this case is concerned, and cannot be prejudiced in the future if such findings were in fact immaterial or outside the issues. 15 R.C. L. 976 to 980, "Judgments", §§ 451, 452, 453; People v. Johnson, 38 N.Y. 63, 97 Am.Dec. 770; Re Assessment of First National Bank of Chickasha, 93 Okl. 233, 220 P. 909, 57 A.L.R. 890.

The judgment of the district court is affirmed, and

It is so ordered.

BRICE, ZINN, and SADLER, JJ., concur.

MABRY, J., did not participate.