205 P.2d 214

### GONZALES v. RICHARDS.

#### No. 5158.

Supreme Court of New Mexico.

March 15, 1949.

Rehearing Denied May 3, 1949.

Charles B. Barker, of Santa Fe, for appellant.

Manuel A. Sanchez, of Santa Fe, for appellee.

McGHEE, Justice.

The appellant (defendant and cross plaintiff) seeks the reversal of a decree quieting title in the appellee (plaintiff and cross defendant) to land based on a finding that there was no such land as that described in a tax deed purchased by the defendant which he claims includes the land to which the plaintiff sought to quiet his title. We will refer to the parties as they appeared in the trial court.

The plaintiff brought suit in the ordinary statutory form against the defendant to quiet title to Lot 3 of Tract A, Section 4, Township 16 North of Range 9 East N.M. P.M., containing 20.11 acres, Small Holding Claim No. 913, in Santa Fe County, New Mexico. The defendant answered denying that the plaintiff owned the property, admitted that he made claim of rights, title and interest in the property, and denied that his claims were without foundation, etc., and filed a cross complaint setting up that he was the owner in fee simple of the property, the first two paragraphs of his cross complaint being in the statutory form ordinarily used in such cases, and then proceeded to plead the source of his title and all of the steps leading to the issuance of a tax deed under which he claimed.

He further alleged the land described in the complaint was wholly within the north half of the southwest quarter of Section 4, Township 16 North of Range 9 East, N.M. P.M., and was a part of the land described in and conveyed by the tax deed, and that except by the purchase of the tax sale certificate and the tax deed the taxes due on the lands for the years 1933 to 1942, both inclusive, were not paid. The plaintiff answered denying the claim of the defendant that he was the owner of the property or that he had any interest therein; denied that the land claimed by him was included within the description contained in the tax sale certificate or deed; denied that the land was patented to him or that it was subject to taxation; pleaded fraud in the tax proceedings, and as an alternative defense that if the defendant took title to the property that he did so as a trustee for the plaintiff, but he did not allege that he had paid the taxes on the property.

A reply was filed by the defendant denying the affirmative defenses set up in the answer to the cross complaint, and thereupon a stipulation as to certain facts and a map of the lands involved and those immediately adjoining was filed.

The description in the tax deed is as follows:

The SE¼NW¼, and the N½SW¼, Section 4, Township 16 North, Range 9 East.

In his first and second assignments of error the defendant asserts that the trial court erred in denying his motion for judgment on the pleadings and, as he says, allowing an amendment of the complaint.

■ The defendant moved for judgment on the pleadings on account of the failure of the plaintiff to plead that he had paid all taxes due on the property, but this motion was denied after the plaintiff and cross defendant had been allowed to amend his answer to plead such fact. Clearly the action of the court on the motion was not error after such amendment had been made, and error is not assigned on the allowance of an amendment to the answer to the cross-complaint.

The second assignment is without merit for the reason it was the answer and not the complaint that was amended.

The remaining assignments of error are not in proper shape for our consideration.

■■ The defendant has failed to comply with the rules of this court in that he has failed to anywhere set out in his brief his requested findings or conclusions of law which were, as he says, erroneously denied by the trial court, and has likewise failed to set out the findings and conclusions made which he says are erroneous. He has also failed to set out in such brief the substance of the evidence relating to such assignments with appropriate reference to the transcript where it may be found. He has also failed to advise us as to which assignments he covers under his various points. Under such circumstances we will not consider the assignments and points so presented. Lea County Fair Association v. Elkan, 197 P.2d 228, 52 N.M. 250. It is true that the defendant has attempted to correct part of such omissions in his reply brief, but, as stated in Heron v. Garcia, 52 N.M. 389, 199 P.2d 1003, the reply brief is hardly the proper place for such matters.

The judgment will be affirmed, and it is so ordered.

BRICE, C. J., and LUJAN and COMPTON, JJ., concur.

SADLER, J., concurs in the result.