279 P.2d 526

John WESTER, Robert C. Wester and The Las Vegas Savings Bank, Plaintiffs-Appellees,

v.

The TRAILMOBILE COMPANY, Defendant-Appellant.

No. 5842.

Supreme Court of New Mexico.

Jan. 21, 1955.

Roberto L. Armijo, Las Vegas, for appellant.

Noble, Spiess & Noble, Las Vegas, for appellees.

COMPTON, Chief Justice.

This is an action for damages for breach of contract. Appellees allege that appellant failed to renew an insurance policy pursuant to the terms of an oral agreement. The trial was to the court and from an adverse judgment, appellant brings the cause here for review. Since the findings of the court are not attacked, the findings are the facts upon which the case will be reviewed. Witherspoon v. Brummett, 50 N.M. 303, 176 P.2d 187.

The findings material to a decision are:

"4. That on or about the 15th day of September, 1950, the Plaintiffs John Wester and Robert C. Wester and the Defendant entered into negotiations for the purchase by said Plaintiffs of a trailer from Defendant.

"5. That the Plaintiffs John Wester and Robert C. Wester were unable to buy said trailer unless a large portion of the purchase price thereof could be financed over a period of time, and that Defendant knew of such fact.

\*　　\*　　\*　　\*　　\*　　\*

"7. That the Las Vegas Savings Bank declined to loan Plaintiffs John Wester and Robert C. Wester the required portion of the purchase price of the trailer unless the Plaintiff The Las Vegas Savings Bank could be assured that the trailer would be insured for the term of the loan against loss or damage occasioned by fire, theft, upset or collision.

\*　　\*　·　\*　　\*　　\*　　\*

"11. That Defendant agreed that it would procure the type of insurance and for the term required by the Plaintiff The Las Vegas Savings Bank and would assure the said bank that such insurance would be issued.

"12. That Plaintiffs John Wester and Robert C. Wester entered into and signed an agreement with Defendant to purchase a trailer and deposited with Defendant a check in the amount of $100.00. It was agreed between the parties, said Plaintiffs and Defendant, that the sale agreement and check would be void unless the insurance proposal of the Defendant was approved by the Plaintiff The Las Vegas Savings Bank; that when such approval was had the agreement would be binding and the check could be cashed by Defendant.

\* \* \* \* \* \*

"16. On the 3rd day of February, 1951, Plaintiffs John Wester and Robert C. Wester received the trailer which they had agreed to buy from Defendant.

\* \* \* \* \* \*

"20. Defendant agreed that it would procure insurance in accordance with the requirement of the Plaintiff The Las Vegas Savings Bank, by procuring the insurance for one year and renewing the policy upon its expiration date for an additional year.

"21. The policy of insurance procured by Defendant expired at 12:01 February 3, 1952.

"22. That Defendant failed to comply with its agreement to renew said policy to the end that the same lapsed after 12:01 February 3, 1952, and Defendant failed to procure insurance for the additional year after the expiration of the policy it had procured.

"23. That on February 4, 1952, the trailer involved was damaged by reason of a collision, to the extent of $4800.00.

"24. That at the time of said collision, February 4, 1952, the said trailer was uninsured and Plaintiffs sustained the loss of $4800.00, being the cost of repairing said trailer and placing the same in the condition it was prior to the collision."

As disclosed by the findings, the purchase contract involving the trailer, and the agreement to renew the insurance policy were entered into in Denver, Colorado, on the 3rd day of February, 1951, and subsequently, on October 8, 1951, appellant obtained a certificate of withdrawal and no longer engages in business in the state.

■■ It is first contended that the court did not acquire jurisdiction of the person or the res because the contracts were entered into outside the State of New Mex-

ico and that the cause of action, if any, accrued after the company had ceased to do business in the state. We find no merit in this argument. The cause of action is for breach of a contract entered into while appellant was legally authorized to transact business in the state. Section 51–10–11, 1953 Compilation, is conclusive as to this point.

"Withdrawal from state—Subsequent process.—Any foreign corporation that has paid all fees due and has otherwise complied with the laws of the state of New Mexico, may withdraw from the state by surrendering its certificate of authority and filing with the state corporation commission a certificate of the president or vice-president and secretary or assistant secretary of the corporation, to the effect that no amount of the capital stock of the corporation is represented by property located and business transacted in this state; and that it agrees that service thereafter may be had upon the corporation in any suit based upon contracts or torts or cause of action arising in the state of New Mexico during the time the corporation was authorized to transact business in this state by serving the acting chairman of the state corporation commission who for that purpose is hereby made the agent of the corporation; Provided, that in the case of foreign insur-

ance companies the service of process shall be made upon the superintendent of insurance."

Process was served on the acting chairman of the commission and such compliance conferred jurisdiction on the court. Moreover, whether the contracts were entered into in Colorado or New Mexico was never presented to the lower court for determination and the question cannot be raised here for the first time.

It is asserted that the agreement to renew the policy is not supported by a consideration. In this respect the Westers were unable to purchase the trailer unless a substantial portion of the purchase price could be financed by loan and as an inducement to obtain a loan from appellee The Las Vegas Savings Bank appellant agreed to renew the policy for the full period of the loan, which appellees were thus required to negotiate. Actually, the oral agreement was the inducing cause of the purchase of the trailer by the Westers. So it is the benefits flowing to appellant by the assumption of this obligation and appellees' loss resulting from its breach that is the basis of appellant's liability.

The general rule is stated at 17 C.J.S., Contracts, § 74, as follows:

"It may be laid down as a general rule, * * * that there is a sufficient consideration for a promise if there is any benefit to the promisor

or any loss or detriment to the promisee. It is not necessary that a benefit should accrue to the person making the promise; it is sufficient that something valuable flows from the person to whom it is made, or that he suffers some prejudice or inconvenience, and that the promise is the inducement to the transaction. * * *" See Johnson v. Armstrong & Armstrong, 41 N. M. 206, 66 P.2d 992.

Since the action was founded upon breach of contract, tender or payment of the premium in advance for the subsequent year was not a prerequisite to the right of recovery. Eifert v. Hartford Fire Insurance Company, 148 Minn. 17, 180 N.W. 996.

 Appellant makes a two-fold argument as a final point. It contends that the oral agreement merged in the written purchase contract, and that the oral agreement contradicts and varies the terms of the written contract. This contention must be rejected. While parol testimony cannot be received to contradict or vary the terms of a valid written instrument, parol testimony is admissible where the action is founded upon a contract involving a subject matter not embraced within the terms of the written contract. The oral agreement, the basis of this action, is an independent contract and the testimony offered to support it does not vary, contradict, add to, or subtract from the terms of the purchase contract. Alford v. Rowell, 44 N.M. 392, 103 P.2d 119; Locke v. Murdoch, 20 N.M. 522, 151 P. 298, L.R.A.1917B, 267. The contention as to merger likewise is without merit.

The judgment will be affirmed, and it is so ordered.

SADLER, LUJAN, McGHEE, and KIKER, JJ., concur.