362 P.2d 391

Albert T. SWALLOWS, Plaintiff-Appellee,

v.

Leonires SIERRA and Dorothy C. Harvey,
Defendants-Appellants,

v.

Florella G. SILVA, James Silva and First
National Bank in Albuquerque, a corpo-
ration, Third-Party-Defendants-Appellees.

No. 6909.

Supreme Court of New Mexico.

May 24, 1961.

Paul E. Keefe, Eva C. Thomas, Albuquer-
que, for appellants.

Spiess & Hackney, Albuquerque, for
Albert T. Swallows.

Rodey, Dickason, Sloan, Akin & Robb,
William C. Schaab, Albuquerque, for First
National Bank in Albuquerque.

CARMODY, Justice.

Appellants (defendants below) seek to
reverse a decree in a suit to quiet title

rendered by the trial court in favor of the appellee (plaintiff below).

The facts need not be related, because of our disposition of the appeal based upon the appellants' brief.

In the brief, the statement of the case is not confined to the nature of the proceeding and the disposition made by the trial court, but includes many statements of fact and conclusions drawn by appellants. The statement of facts relates almost entirely to appellants' view of the evidence, and completely omits any reference to the findings and conclusions of the trial court. Following the statement of facts, appellants then, under the heading of "Assignment of Errors," state the following:

"The Court erred in refusing to make defendants-appellants' Requested Findings of Fact Nos. 1 to 36 inclusive, which are as follows:"

All that appears thereafter is approximately ten pages consisting only of appellants' requested findings.

 The complete failure to follow proper appellate practice and procedure is determinative of this appeal. Supreme Court Rule 15, subds. 6 and 14 (§ 21–2–1 (15), subds. 6 and 14, N.M.S.A., 1953). (1) The point relied upon does not submit an issue for our determination. See, Lea County Fair Ass'n v. Elkan, 1948, 52 N.M. 250, 197 P.2d 228; Gonzales v. Richards, 1949, 53 N.M. 231, 205 P.2d 214; Lord v. City of Santa Fe, 1950, 54 N.M. 244, 220 P.2d 709; Gibbs v. Whelan, 1952, 56 N.M. 38, 239 P.2d 727; and Chavez v. Potter, 1954, 58 N.M. 662, 274 P.2d 308. (2) There is no attack on the findings, direct or otherwise, and appellants do not raise the question of the sufficiency of the evidence to support the findings. Therefore, the trial court's findings are conclusive on appeal. Witherspoon v. Brummett, 1946, 50 N.M. 303, 176 P.2d 187; Wester v. Trailmobile Company, 1955, 59 N.M. 73, 279 P.2d 526; Totah Drilling Company v. Abraham, 1958, 64 N.M. 380, 328 P.2d 1083. Compare, Bogle v. Potter, 1961, 68 N.M. 239, 360 P.2d 650. (3) Appellants attempt to contest the validity of a prior suit to quiet title decree, but nowhere is it claimed that the judgment roll of that decree failed to affirmatively show want of jurisdiction. Thus, it follows that the former judgment may not be collaterally attacked. McDonald v. Padilla, 1948, 53 N.M. 116, 202 P.2d 970; Bounds v. Carner, 1949, 53 N.M. 234, 205 P.2d 216; Kutz Canon Oil & Gas Co. v. Harr, 1952, 56 N.M. 358, 244 P.2d 522; and Matlock v. Somerford, 1958, 64 N.M. 347, 328 P.2d 600.

The judgment will be affirmed. It is so ordered.

CHAVEZ and NOBLE, JJ., concur.

COMPTON, C. J., and MOISE, J., not participating.