382 P.2d 694

John VISIC, Jr., d/b/a Valley Hi Realty, Plaintiff-Appellant,

v.

Carl R. PADDOCK and Essie Paddock, Defendants-Appellees.

No. 7066.

Supreme Court of New Mexico.

March 27, 1963.

Rehearing Denied June 27, 1963.

Ertz & Beasley, Albuquerque, for appellant.

Threet & Threet, Albuquerque, for appellees.

CHAVEZ, Justice.

This is an action by John Visic, Jr., d/b/a Valley Hi Realty, appellant, to recover a real estate commission from Carl R. Paddock and Essie Paddock, appellees.

Appellant is a licensed real estate broker. He prepared a written listing agreement for the sale of appellees' motel which they signed on or about October 19, 1957. The listing agreement form was such that it

could be used for either an exclusive right to sell or a nonexclusive right to sell. Prior to the time appellees executed the agreement, the form had been altered so that it provided for an exclusive right to sell. The listing agreement was fully completed and filled out at the time appellees signed the same. Appellees received a copy of the listing agreement from appellant. The agreement established the commission to be paid appellant, in the event a sale was effected, to be 5% on the first $100,000 of the sale price and 3% of the remainder of the sale price. The period of time during which the agreement was to be in force was between September 19, 1957, and October 1, 1958. On or about August 9, 1958, appellees entered into a contract for the sale of their motel with Jamil Steen through the Harper Realty Company. No commission was paid by appellees to appellant for this sale.

In addition to the foregoing, the trial court found that no consideration passed from appellant to appellees for the contract and that the intent of appellees was to give appellant the listing for the specific purpose of his representing them during negotiations for the sale of their motel with a Hereford, Texas, realtor.

The trial court, thereupon, concluded as a matter of law that fraud and deceit were practiced upon appellees by appellant and that, because of such fraud, the listing agreement was void and of no effect; that no consideration was given by appellant to appellees for the listing agreement; that the listing contract is unenforceable for lack of consideration; that appellees violated no contractual rights of appellant by selling their motel through the Harper Realty Company; and that appellant's complaint should be dismissed at his cost. From the judgment entered by the trial court, in accordance with its findings of fact and conclusions of law, appellant timely appealed.

Appellant's first contention is that appellees did not produce substantial evidence and did not sustain the burden of proof required under New Mexico law to support a conclusion of fraud on the part of appellant.

If this were a matter to be resolved by application of the substantial evidence rule, we would have no difficulty in concluding that the evidence adduced at the trial is amply sufficient to comply with the rule's requirements. However, this is not a situation to which the substantial evidence rule is applicable. Fraud was alleged by appellee and attempted to be proved. The trial court found fraud to exist. Therefore, for us to be able to sustain the finding of fraud, the record must contain clear and convincing evidence of the perpetration of a fraud. Lumpkins v. McPhee, 59 N.M. 442, 286 P.2d 299;

# 210

Greene v. Esquibel, 58 N.M. 429, 272 P.2d 330; Frear v. Roberts, 51 N.M. 137, 179 P.2d 998; Berrendo Irrigated Farms Co. v. Jacobs, 23 N.M. 290, 168 P. 483. Upon reviewing the evidence of record, we are unable to perceive that the evidence is so clear and convincing as to support the conclusion of fraud.

The evidence pertinent to the issue of fraud is to the following effect. Appellees testified: That a Hereford, Texas, realtor telephoned them to inquire about the purchase of their motel; that they discussed the matter with appellant who told them that if they would give him the listing he would charge them a 5% commission rather than 6%; that no definite time limit on the listing was discussed between the parties; that nothing was said about a general listing or an exclusive listing; that the listing was for the Hereford, Texas, deal only; that they looked at the listing after it was written up and presented to them; that at the time they executed the agreement it was not completely filled out; that the words "This is NOT AN EXCLUSIVE right to sell" were not marked out when they executed the agreement; that they did not receive a copy of the listing agreement; that they would not have signed the agreement if the words "This is NOT AN EX-CLUSIVE right to sell" had been marked out at the time they executed it; and that the difference between an exclusive right to sell and a nonexclusive right to sell was not discussed.

Appellant and his wife testified: That the information on the listing agreement was all filled in except the tax data prior to the execution of the agreement by appellees; that the words "This is NOT AN EXCLUSIVE right to sell" were crossed out prior to the execution of the agreement by appellees; that the ladies discussed the difference between exclusive and nonexclusive listings; that appellant's wife gave appellees a copy of the listing agreement and they put it on the kitchen shelf.

In Lumpkins v. McPhee, supra, we defined clear and convincing evidence when construed in the light of an allegation of fraud. We there said:

"* * * what is the test of substance in the evidence? Ordinarily, the evidence is deemed substantial if it tips the scales in favor of the party on whom rests the burden of proof, even though it *barely* tips them. He is then said to have established his case by a preponderance of the evidence. A finding in his favor on the decisive issue is thus said to be supported by substantial evidence.

"Not so, where fraud is charged. The evidence in support of a finding of fraud is not deemed substantial, *if it is not clear, strong and convincing.*

* * *; and where it is evenly balanced or *barely* tips the scales in a party's favor, that is, *barely* preponderates, it is not so supported. When all the evidence is in, fraud being the issue, or fraudulent intent to bring it down to the present case, if the greatest effect it has on the mind of the fact finder is to leave it confronted by a question mark on the vital issue, was there fraud?—then there is not that type of evidence which alone is to be deemed substantial and a finding of fraud cannot be supported.

"On the other hand, if, when the evidence is all in the scales, they tilt instantly to the affirmative of the issue of fraud charged; if, the balancing of the scales proclaims an affirmative in unmistakable tones, leaving in the fact finder's mind an abiding conviction that the charge made is true, then such evidence may with all propriety be called clear, strong and convincing and it is substantial."

From the evidence hereinbefore set out, it may be seen that, if this were not a fraud case, there would be substantial evidence to support the trial court's conclusion; there may even be a preponderance of evidence in favor of appellees. But there is not present such evidence as may be called clear and convincing. Therefore, the trial court was in error when it concluded that appellant was guilty of fraud.

Ordinarily, when error is found upon one of appellant's points, it becomes unnecessary to consider other points raised on appeal. In this case, however, notwithstanding that the trial court erred in its conclusion of law that fraud was practiced upon appellees by appellant, we proceed to consider appellant's points II and III.

Appellant's point II is that he exercised reasonable diligence during the listing period in attempting to locate a purchaser for appellees' motel and, in so doing, furnished sufficient consideration to support the listing contract. While this may be true, appellant's point raises nothing for us to consider. In his brief in chief, appellant directs our attention to a quantity of evidence and to the pages of the transcript whereon this evidence is located. No error of the trial court is cited. The findings, conclusions and judgment are not referred to. We are simply given a statement that certain events transpired and certain testimony was admitted in evidence at the trial, all of which merely shows the diligence of appellant. If appellant intended, by this recitation of the evidence, to point out error of the trial court, he failed. Such a presentation is suited to prove a point during the trial of a cause but has no place in an appellate brief.

After having his attention directed to the defect in his second point by appel-

lees' answer brief, appellant sought to remedy it by copying a finding of fact and conclusion of law in his reply brief and stating:

> " * * * lest there be any doubt, the Appellant believes that the court erred in adopting Finding of Fact No. 14, * * * and Conclusion of Law No. 2, * * *.

We held in Gonzales v. Richards, 53 N.M. 231, 205 P.2d 214, and in Heron v. Garcia, 52 N.M. 389, 199 P.2d 1003, that a reply brief is not the place to make an attack on findings of fact when the making of the attacked findings is assigned as error.

Again in his point III, appellant fails to direct our attention to any error of the trial court.

The issue of fraud is immaterial to the decision in this case and may be disregarded. New Jersey Zinc Co. v. Local 890 of International Union, etc., 56 N.M. 447, 245 P.2d 156; Paulos v. Janetakos, 43 N.M. 327, 93 P.2d 989.

We then have the question, deleting entirely the conclusion of fraud,—does there still remain in the case sufficient findings upon which to sustain the judgment? The trial court found that no consideration moved from appellant to appellees in support of the listing contract. This finding, not being successfully attacked upon appeal and not being inconsistent with our conclusion of an absence of fraud, is determinative of the issues in this case and is sufficient to support the judgment. Paulos v. Janetakos, supra.

The judgment is, therefore, affirmed.

It is so ordered.

NOBLE and MOISE, JJ., concur.