405 P.2d 408

**INTERNATIONAL SERVICE INSURANCE CO., Kenneth R. Washburn and Ella Washburn, Plaintiffs-Counterdefendants, Appellants,**

v.

**Agapito ORTIZ, Defendant-Counterclaimant, Appellee,**

**St. Paul Insurance Company, Intervenor-Appellee.**

**No. 7701.**

Supreme Court of New Mexico.

Aug. 30, 1965.

Shaffer & Butt, Clarence R. Bass, Albuquerque, for appellants.

J. E. Gallegos, Santa Fe, for appellee Agapito Ortiz.

Keleher & McLeod, Russell Moore, Albuquerque, for St. Paul Ins. Co.

COMPTON, Justice.

This action arose out of a collision between an automobile driven by the plaintiff Washburn and a pickup driven by the defendant Ortiz at the intersection of Cemetery Road and Nelson Road about 1½ miles west of Tucumcari, New Mexico. Nelson Road is a private road or driveway. International Insurance Company was the insurance carrier for Washburn and St. Paul Insurance Company was the insurance carrier for Ortiz.

· The plaintiffs alleged that the negligence of the defendant Ortiz was the proximate cause of the accident. By answer the defendant · Ortiz joined issue and pleaded contributory negligence. By counterclaim he alleged that the negligence of the plaintiff Washburn was the proximate cause of the accident. Washburn joined issue on the counterclaim and affirmatively alleged that Ortiz was contributorily negligent. Issue being joined the court found for Ortiz on his counterclaim and judgment was entered accordingly. The cause is here by appeal.

■ The court found that the Ortiz pickup had entered the area of the intersection when Washburn was at a distance of 300 feet to the west and that the negligence of Washburn was the proximate cause of the accident; that Ortiz was free from negligence, and that Ortiz had, as a result of the injury, "totally lost his ordinary earning ability" for a period of about one year. No attack is made on the finding that Washburn was negligent. However, appellants contend that Ortiz was contributorily negligent as a matter of law in failing to keep a proper lookout for oncoming traffic and in failing to yield the right of way. They base this contention on the provisions of §§ 64–18–24 (a) and 64–18–30, N.M.S.A., 1953 Comp. The latter section reads:

> "The driver of a vehicle about to enter or cross a highway from a private road or driveway shall yield the right of way to all vehicles approaching on said highway."

■ We fail to see a violation of any statutory duty. "Lookout" as it appears in the former section means the watchfulness and attention as is required of a careful and prudent person. Compare Beyer v. Montoya, 75 N.M. 228, 402 P.2d 960.

We review the evidence briefly. The collision occurred at night on January 4, 1963. Washburn was driving east and a hill obstructed his view of the intersection, which was known to him, until he was within approximately 300 feet of it. Ortiz was driving north with headlights on. He stopped his pickup 4 or 5 feet south of Cemetery Road, looked west and east and, seeing no oncoming traffic in either direction, entered Cemetery Road

slowly in low gear intending to turn west. As he was entering Cemetery Road he observed car lights approaching from the west near the top of the hill. Immediately thereafter, and about the time he completed negotiating the turn, he observed the Washburn vehicle coming down the hill at a speed greatly in excess of 45 miles per hour, the statutory speed limit, skidding sideways in the west bound lane of traffic. According to Ortiz the collision then occurred time-wise, "just like that." The point of impact was 2 feet to the north of the center of Cemetery Road, the Washburn vehicle slightly to the north of the pickup. The damage to the Washburn vehicle was at the right front door. The damage to the Ortiz pickup was to the left front end. Washburn had seen the pickup for a distance of at least 180 feet. His vehicle had skidded at an angle a distance of 168 feet before it collided with the Ortiz pickup. At the point of impact Washburn's vehicle was still traveling at a speed of 30 to 35 miles per hour according to his own testimony. The force of the collision knocked the pickup 93 feet to the southeast and through a barbed wire fence supported by steel posts. The automobile skidded another 72 feet in a northeasterly direction from the point of impact, then went up a steep embankment, and finally came to rest on high center on an embankment with the left front wheel off the ground. Viewing the evidence in its most favorable light in support of the judgment, as we must, we think the finding of absence of contributory negligence is amply supported. The evidence that Ortiz stopped, looked and found Cemetery Road free of traffic for a distance of 300 feet before entering it, establishes reasonable compliance with both statutes. Compare Beyer v. Montoya, supra; Langenegger v. McNally, 50 N.M. 96, 171 P.2d 316; Brizal v. Vigil, 65 N.M. 267, 335 P.2d 1065.

█ But the appellants argue that the physical facts completely discredit the testimony upon which the court made its findings that Ortiz was not guilty of contributory negligence. This argument relates principally to the distances traveled by each vehicle after Ortiz entered Cemetery Road, and the points of damage to each vehicle. Our review discloses that the physical facts are in some respects contradictive and inconsistent but we cannot say as a matter of law such evidence renders the oral testimony inherently impossible or incredible of belief. As we evaluate the physical facts they raised a conflict in the evidence and presented a question for the trier of the facts. "It is only where the facts testified to are utterly at variance with well-established and universally recognized physical laws and, therefore, inherently impossible, or incredible of belief that they will be rejected." We do not so characterize the oral testimony. Massey v. Beacon Supply

Company, 70 N.M. 149, 371 P.2d 798; Larsen v. Bliss, 43 N.M. 265, 91 P.2d 811; Beyer v. Montoya, supra; Crocker v. Johnston, 43 N.M. 469, 95 P.2d 214.

■ It is further contended that the finding that Washburn had the "last clear chance" to avoid the collision constituted prejudicial error. The conclusion reached disposes of this contention. The court had already found that Washburn's negligence was the proximate cause of the collision. See Wiggs v. City of Albuquerque, 57 N.M. 770, 263 P.2d 963; Visic v. Paddock, 72 N.M. 207, 382 P.2d 694; Paulos v. Janetakos, 43 N.M. 327, 93 P.2d 989.

■■ The appellants challenge the finding as to the loss of earning ability, basing their argument on the fact that Ortiz had earned some $1,450.00 during the time he was found to be totally disabled. We conclude that the finding is amply supported. Previous to his injury, Ortiz had worked at hard labor in the construction field, earning $300.00 to $350.00 per month. He is still unable to do any kind of heavy work. True, after the accident he did light work locally for ranchers of the area but this was done as a matter of necessity and usually under severe pain. "The consideration of loss of earning capacity is not solely the comparative amount of money earned before or after an injury. The true test is whether or not there is a loss of earning power, and of ability to earn money." Baros v. Kazmierczwk, 68 N.M. 421, 362 P.2d 798; Morris v. Cartwright, 57 N.M. 328, 258 P.2d 719. Also see 15 Am.Jur., Damages, § 21.

The judgment should be affirmed. It is so ordered.

CARMODY, C. J., and M. E. NOBLE, J., concur.