762 P.2d 259

Pamela D. BENTZ, Plaintiff–Appellant,

v.

V. Delbert PETERSON and Quanah Peterson, his wife, Defendants–Appellees,

and

State of New Mexico, ex rel. Taxation and Revenue Department, Larry W. Thorp, Director; County of Luna, Luna County Treasurer, Defendants.

No. 9997.

Court of Appeals of New Mexico.

Aug. 16, 1988.

598

Martha A. Daly, Rothstein, Bailey, Bennett, Daly & Donatelli Santa Fe, for plaintiff-appellant.

Gary Jeffreys, Jeffreys, Cooper & Associates, Deming, for defendants-appellees.

**OPINION**

DONNELLY, Chief Judge.

Plaintiff Pamela D. Bentz appeals a judgment of the Luna County District Court denying her request to invalidate a tax sale of realty. A co-tenant, Charles F. Bentz, has not filed a notice of appeal, however, the interests of both co-tenants are involved in this appeal. *See Velasquez v. Mascarenas,* 71 N.M. 133, 376 P.2d 311 (1962). We discuss whether plaintiffs' claim to set aside the tax sale is barred by a prior decree obtained in a quiet title suit under the doctrine of res judicata. We affirm the trial court.

The facts are not in dispute. On June 7, 1983, the Property Tax Division of the State Taxation and Revenue Department sold an unimproved 160 acre tract of land located in Luna County, New Mexico for property taxes due and owing for the years 1979 through 1982. Prior to the sale, notice was mailed return receipt requested to Hattie C. Baird, 7600 Fair Oaks Blvd., Carmichael, California. This was the name and address of the taxpayer appearing on the most recent property tax schedule prior to the tax sale. The notice was returned "addressee unknown." Notice of the tax sale was also published in the *Deming Highlight,* a newspaper of general circulation in Luna County, at least once per week for three weeks immediately preceding the sale. Defendants successfully purchased the real property at the tax sale for $6,000, and received a deed from the state.

On August 31, 1983, a final decree quieting title in the names of the defendants Delbert and Quanah Peterson was entered in cause no. 83–111 in the Luna County District Court. As shown by the stipulation contained in the record and filed by the parties herein, the suit to quiet title was entitled: "V. Delbert Peterson and Quanah Peterson vs. *Group One:* State of New Mexico, ex. rel. Property Tax Division, Taxation and Revenue Department; *Group Two:* The following named persons, if living, if deceased, their unknown heirs: Hattie C. Baird; *Group Three:* And all unknown claimants of interest in the premises adverse to the plaintiffs." On October 1, 1983, defendants Delbert and Quanah Peterson conveyed a portion of the real property in question to Wayne and Irene Jones, non-parties to the present action.

On June 5, 1985, plaintiffs filed a complaint to set aside the tax sale, alleging that Luna County officials knew or should have known that plaintiffs were entitled to receive notice of the impending tax sale and that the officials failed to give proper notice. In support of their claim, plaintiffs relied upon two letters. Exhibit no. 14 is a letter dated December 1, 1978 to the Luna County Clerk from plaintiffs' attorney, Robert Baker. In this letter, Baker advised that he represented plaintiffs, the heirs of Mary Bentz, deceased. Baker also indicated that Bentz was the sole heir of Hattie Baird, deceased. Baker requested information concerning taxes due and owing on the real property. Defendants' exhibit R is a letter from the Luna County Treasurer to plaintiff Chuck Bentz at a post office box in Carmichael, California enclosing a copy of a tax receipt for payment of the 1978 property taxes.[1]

Prior to her death in 1962, the real property in question was assessed in the name of Hattie C. Baird. By will, Baird left the real property to her daughter, Mary Frances Bentz. Although decedent's will was probated in Texas, no ancillary proceedings were commenced in New Mexico. Mary Frances Bentz died in 1973 in California, leaving a will which devised the subject property to her two children, Charles and Pamela Bentz; this estate was probated in California with no ancillary proceedings in New Mexico.

From 1973 through 1977, the real property was still assessed in the name of Hattie C. Baird as the property owner with an address of 65 36th Way, Sacramento, California. From 1978 through 1982, the property tax roll listed Baird with an address of 7600 Fair Oaks Blvd., Carmichael, California. Plaintiff Charles Bentz resided at 65 36th Way until 1978; he then moved to 7600 Fair Oaks Blvd. in Carmichael. Charles Bentz paid the property taxes for the years 1973 through 1978; however, neither plaintiffs nor anyone on their behalf paid the property taxes for the years 1979 through 1982 and the taxes became delinquent. The property was sold at a tax sale in June 1983. The defendants V. Delbert and Quanah Peterson were successful tax sale purchasers.

Following a trial on plaintiffs' suit to invalidate the tax sale, the court entered judgment in favor of defendants, conclud-

---

**1.** The prior correspondence, from Chuck Bentz to the Luna County Treasurer, was not introduced into evidence.

ing that plaintiffs did not take appropriate steps to notify tax officials of Baird's death or change the assessed owner's address; that Luna County officials fulfilled their statutory duties; and that the tax sale was in substantial compliance with the Property Tax Code. The trial court further concluded that plaintiffs failed to prove the necessary elements to defeat title and that their claims were further barred by the doctrines of res judicata and collateral estoppel by reason of a prior suit to quiet title which had been brought by the Petersons.

## EFFECT OF PRIOR QUIET TITLE DECREE.

The trial court found, among other things, that plaintiffs' suit, which sought to invalidate the tax sale of the subject property, was barred by the doctrine of res judicata because defendants Delbert and Quanah Peterson previously obtained a final decree of the district court of Luna County quieting title in the names of the Petersons. Named as defendants in the suit to quiet title, among others, were Hattie C. Baird, "if living, if deceased, [her] unknown heirs * * *." Also named as a defendant in the suit to quiet title was the State of New Mexico, ex rel., Property Tax Division, Taxation and Revenue Division.

Plaintiff contends that the prior suit to quiet title should not be accorded the effect of res judicata, because the tax deed upon which the Petersons rely was issued prior to the expiration of the two-year statute of limitations provided in NMSA 1978, Section 7–38–70(C) (Repl.Pamp.1983). Defendants respond that plaintiff may not collaterally attack the quiet title decree and, in the alternative, that the quiet title decree is valid, notwithstanding any purported invalidity of the tax sale due to the doctrine of res judicata. We agree.

Plaintiff did not raise any issue in the court below concerning the adequacy of notice in the suit to quiet title. However, plaintiff's contention that Section 7–38–70(C) precludes a quiet title suit brought within two years of a tax sale, collaterally challenges the subject matter jurisdiction of the prior action.

Under the doctrine of res judicata, a prior judgment on the merits bars a subsequent suit involving the same parties or privies based on the same cause of action. *Myers v. Olson*, 100 N.M. 745, 676 P.2d 822 (1984). Ordinarily, res judicata will preclude a claim where there has been a full and fair opportunity to litigate issues arising out of that claim. *Slide–A–Ride of Las Cruces, Inc. v. Citizens Bank of Las Cruces*, 105 N.M. 433, 733 P.2d 1316 (1987). For res judicata to apply, the two actions must involve circumstances wherein: (1) the parties are the same or in privity; (2) the two causes of action are substantially the same; (3) there has been a final decision in the first suit; and (4) the first decision was adjudicated on the merits. *Id.; First State Bank v. Muzio*, 100 N.M. 98, 666 P.2d 777 (1983). Plaintiffs herein have not sought to directly reopen or set aside the decree in the suit to quiet title.

Here, the parties in the two proceedings were the same or in privity, a final decision was rendered on the merits in the quiet title action, and the res was the same. *See First State Bank v. Muzio* (a prior default judgment bars a subsequent suit on issues which were, or could have been determined in the earlier action). A person in privity with another is a person so identified in interest with another that he represents the same legal right. *Searle Bros. v. Searle*, 588 P.2d 689 (Utah 1978). This definition includes a mutual or successive relationship to rights in realty. *Id.*

On the record before us, we conclude that the court had subject matter jurisdiction in the prior action. Plaintiff was an unknown heir of Hattie C. Baird and an unknown claimant in the land which was the subject matter of the suit to quiet title brought by the Petersons in Luna County District Court, Cause No. 83–111. As such she was validly served by publication. *Federal Savings & Loan Ins. Corp. v. Hatton*, 156 Kan. 673, 135 P.2d 559 (1943). *See also* NMSA 1978, § 42–6–2; SCRA 1986, 1–004(H)(6). *Compare Nature Conservancy v. Nakila* 4 Haw.App. 584, 671 P.2d 1025 (1983) (where a plaintiff is known to claim an interest in realty and

her address is known, personal service is necessary).

Under a statute providing for service by publication upon an unknown person in a suit to quiet title, where the service was properly completed, a judgment obtained in the quiet title action is binding upon such unknown person. *Jensen v. Schwartz*, 90 N.W.2d 716 (N.D.1958). *See also* R. 1–004(H)(6).

Plaintiff contends that the prior litigation did not bar the present suit, because under NMSA 1978, Section 42–6–1, "Title may be quieted against the owner or holder of any mortgage, claim of lien or other encumbrance, where the owner or holder of such mortgage, lien or encumbrance has permitted [the encumbrance] to become barred by the statute of limitations * * * *" Plaintiff argues that under this language, title cannot be quieted until the two-year period provided in Section 7–38–70(C) has expired. We do not interpret the language so restrictively.

Under prior equitable doctrine, courts in some jurisdictions applied the rule that "a mortgagor or other person [seeking to remove a cloud on a title was] under a moral obligation to pay a debt notwithstanding the bar of its enforcement arising from the statute of limitations or a presumption of its payment * * * [and was entitled to] have such * * * lien removed * * * only upon the condition that he pay the amount which in equity he owes." Annotation, *Statute of Limitations or Presumption of Payment from Lapse of Time as Ground for Affirmative Relief from Debt or Lien*, 164 A.L.R. 1387, 1388 (1946). The language of Section 42–6–1 eliminated the equitable rule. We determine that the statute does not bar a plaintiff from initiating a suit to quiet title to clear a cloud against the title within the two-year period following a tax sale. Under these circumstances, plaintiff's cause of action is barred. *Cf. Bowers v. Brazell*, 27 N.M. 685, 205 P.2d 715 (1922). In that case, the supreme court held that a default decree in a suit to quiet title, in which plaintiff's right and title were based upon a tax deed, could not be set aside, absence of proof of fraud. *Id. Bowers* is controlling here.

Resolution of whether plaintiff's suit herein is barred by res judicata involves determination of whether the cause of action in the two proceedings is substantially the same. Plaintiff argues that under *City of Santa Fe v. Velarde*, 90 N.M. 444, 564 P.2d 1326 (1977), the fact that they could have amended their pleadings so as to change their cause of action does not fulfill the requirement that the causes of action must be identical. We disagree.[2]

Plaintiff's present claim arises out of the same transaction or occurrence that was the subject matter of defendants' claim in the prior litigation. *See Heffern v. First Interstate Bank*, 99 N.M. 531, 660 P.2d 621 (Ct.App.1983). Hence, plaintiff's claim herein was required to have been asserted as a compulsory counterclaim under SCRA 1986, 1–013(A). *See Slide–A–Ride of Las Cruces, Inc. v. Citizens Bank of Las Cruces.* Failure to plead a compulsory counterclaim bars a later action on that claim, even if the prior action ended in a default judgment. *Heffern v. First Interstate Bank. City of Santa Fe v. Velarde* is not to the contrary and did not involve a compulsory counterclaim.

Accordingly, the trial court's conclusion that plaintiff's claim is barred by the doctrine of res judicata is affirmed. Due to our disposition of this issue, we do not reach the other issues raised on appeal. We deem oral argument unnecessary. *See Garcia v. Genuine Parts Co.*, 90 N.M. 124, 560 P.2d 545 (Ct.App.1977). Defendants are awarded their costs on appeal.

IT IS SO ORDERED.

ALARID and MINZNER, JJ., concur.

---

**2.** The final decree entered in the suit to quiet title, which has been made a part of the record on appeal, provides that "each and all of the allegations of the complaint are true and correct, are sustained by the evidence, and are hereby adopted as findings of fact by this Court to the same extent as if set forth at length herein." .