875 P.2d 1128 (1994)
117 N.M. 696
Kenneth JOHNSON, Worker-Appellant,
v.
AZTEC WELL SERVICING CO., Employer-Appellee.
No. 15026.
Court of Appeals of New Mexico.
May 11, 1994.
*1129 Earl Mettler, Mettler & LeCuyer, P.C., Albuquerque, for worker-appellant.
Katherine E. Tourek, Bradley & McCulloch, P.A., Albuquerque, for employer-appellee.

OPINION
PICKARD, Judge.
Worker appeals from the order of a workers' compensation judge granting summary judgment to Aztec Well Servicing Company. *1130 In July 1990, Worker was injured while working on Aztec's oil rig. Consequently, this case is governed by NMSA 1978, Sections 52-1-1 to 52-10-1 (Repl.Pamp.1991) (Effective until January 1, 1991). At the time of his injury, Worker was an hourly worker paid by D & D Employment Agency, a payroll company working exclusively for Aztec. D & D and its insurance carrier paid workers' compensation benefits to Worker until March 1992. Worker and D & D then entered into a lump sum settlement agreement releasing D & D and its carrier from liability for periodic compensation benefits and future medical care. The judge entered an order approving the settlement and directing the parties to comply.
In July 1992, Worker filed a claim for workers' compensation against D & D and attempted to reopen the settlement agreement. The judge, however, found no grounds to set aside the agreement and granted summary judgment in favor of D & D.
In May 1993, Worker filed a workers' compensation claim against Aztec seeking medical expenses only. Aztec filed a motion for summary judgment and argued that Worker's claim was barred because of the settlement agreement previously reached with D & D. The judge granted the motion, and Worker appeals. We reverse.

DISCUSSION

A. Worker as Employee of Multiple Employers for Purposes of Workers' Compensation
Worker argues that, for purposes of workers' compensation, there are situations in which a worker may have two employers, both of whom are liable for workers' compensation benefits. We agree. For example, such a situation can arise when one employer lends an employee to another employer, as is discussed by Professor Larson:
When a general employer lends an employee to a special employer, the special employer becomes liable for workmen's compensation only if:
(a) the employee has made a contract of hire, express or implied, with the special employer;
(b) the work being done is essentially that of the special employer; and
(c) the special employer has the right to control the details of the work.
When all three of the above conditions are satisfied in relation to both employers, both employers are liable for workmen's compensation.
Arthur Larson, 1B Workmen's Compensation Law § 48.00, at 8-434 (1993) (emphasis added) (hereinafter Larson); see Terry v. Read Steel Prods., 430 So.2d 862, 865 (Ala.1983) (adopting Larson Section 48.00); Word v. Motorola, Inc., 135 Ariz. 517, 520, 662 P.2d 1024, 1027 (1983) (en banc) (same); Winchester v. Seay, 219 Tenn. 321, 409 S.W.2d 378, 381 (1966) (same); see also Shipman v. Macco Corp., 74 N.M. 174, 178, 392 P.2d 9, 11-12 (1964) (worker, who was furnished to defendant by company engaged in assembling work crews for other companies, was employee of defendant for workers' compensation purposes because he was doing the work of and was controlled by defendant at the time of injury); Barger v. Ford Sales Co., 89 N.M. 25, 26, 546 P.2d 873, 874 (Ct.App.), cert. denied, 89 N.M. 206, 549 P.2d 284 (1976) (worker employed by general employer was "special employee" of defendant; defendant was therefore liable to worker for compensation benefits).
Aztec argues that any dispute concerning the identity of Worker's employer should have been asserted by Worker when he settled with D & D or when he attempted to reopen that settlement. Aztec does not argue that the evidence of record relating to the relationships among Aztec, D & D, and Worker could not support a finding that Aztec was Worker's employer. Aztec, however, contends that Worker is nevertheless precluded from arguing that Aztec was his employer. We discuss Aztec's arguments in the following sections.

B. Res Judicata
Aztec argues that Worker's present claim is barred by the doctrine of res judicata because of Worker's prior settlement agreement releasing D & D from liability. Res judicata is applicable only if the parties to the two separate actions are the same or *1131 in privity, the two causes of action are substantially the same, and there has been a final decision adjudicated on the merits in the first suit. Bentz v. Peterson, 107 N.M. 597, 600, 762 P.2d 259, 262 (Ct.App.1988). In this case, the judgment entered was by consent. Nevertheless, "[s]uch a judgment is not subject to collateral attack by a party or a person in privity, and it bars a second suit on the same claim or cause of action." 1B James W. Moore et al., Moore's Federal Practice ¶ 0.409[5] at III-152 to -154 (1993). For purposes of discussing this issue, we assume but need not decide that the two causes of action are substantially the same. We conclude it was improper to grant summary judgment prior to allowing discovery regarding the relationship between Aztec and D & D.
We believe the privity element of res judicata is dispositive of this issue. "A person in privity with another is a person so identified in interest with another that he represents the same legal right." Bentz, 107 N.M. at 600, 762 P.2d at 262. Aztec contends that it is in privity with D & D, pointing both to evidence that D & D's insurance carrier provided compensation benefits to Worker after he was injured on Aztec's oil rig and to deposition testimony that D & D worked exclusively for Aztec. At first glance this evidence, especially the latter piece of evidence, certainly makes it appear that Aztec and D & D are closely connected in interest. However, as Professor Larson has stated, "[t]he particular patterns of interest generated by compensation-connected injuries frequently destroy privity in relations where it might ordinarily seem self-evident." 3 Larson, supra § 79.72(e), at 15-426.272(88).
Worker points out that the judge granted summary judgment prior to ruling on his motion for leave to conduct discovery. Worker argues that discovery was necessary to determine the precise relationship between Aztec and D & D. In light of Larson's statement regarding privity, we agree. Worker should be allowed to pursue discovery and then make his arguments on privity. Compare Narney v. Daniels, 115 N.M. 41, 47, 846 P.2d 347, 353 (Ct.App.1992) (further discovery would not have provided additional information), cert. denied, 114 N.M. 720, 845 P.2d 814 (1993) with Marchiondo v. Brown, 98 N.M. 394, 399, 649 P.2d 462, 467 (Ct.App.) (summary judgment premature when plaintiff denied opportunity to discover relevant information), writ quashed sub nom., Marchiondo v. New Mexico State Tribune Co., 98 N.M. 336, 648 P.2d 794 (1982). Consequently, we do not examine whether the remaining elements of res judicata were met in this case.

C. Collateral Estoppel
Aztec also argues that Worker is collaterally estopped from relitigating the issue of who employed Worker. The doctrine of collateral estoppel acts as a bar to relitigation of issues necessarily decided in a prior lawsuit. Hyden v. Law Firm of McCormick, Forbes, Caraway & Tabor, 115 N.M. 159, 164, 848 P.2d 1086, 1091 (Ct.App.), cert. denied, 115 N.M. 60, 846 P.2d 1069 (1993). The doctrine requires that the causes of action in the two suits are different, that the issues have been actually litigated, that the issues were necessarily determined, and that the party bound by the doctrine had a full and fair opportunity to litigate the issues in the prior suit. Id.
We believe that the issue to be litigated in this case is a different issue from any issues that were necessarily decided in the prior case. The issue to be litigated in this case is whether Aztec is an employer. The fact that D & D may have been another employer would not preclude Worker from litigating a different issue in this case.

D. Judicial Estoppel
Aztec also appears to argue in substance that Worker's claim is precluded by the doctrine of judicial estoppel. Under this doctrine a party who successfully assumes a certain position in a judicial proceeding may not then assume an inconsistent position, especially if doing so prejudices a party who had acquiesced in the former position. See Citizens Bank v. C & H Constr. & Paving Co., 89 N.M. 360, 366, 552 P.2d 796, 802 (Ct.App.), cert. denied, 90 N.M. 7, 558 P.2d 619 (1976). Aztec points out that in filling out numerous forms for both his original *1132 settlement and his subsequent attempt to reopen the settlement, Worker indicated that he was employed by D & D. Aztec contends that Worker should therefore be estopped from asserting now that Aztec was his employer. Worker's filings, however, did not indicate that D & D was Worker's only employer, which is the issue in this case. Consequently, we do not believe that Worker's previous position that he was employed by D & D is necessarily inconsistent with his present position that he was also employed by Aztec, and we hold that judicial estoppel does not apply.

E. Effect of Settlement of Worker's Claim With D & D
Finally, Aztec apparently argues that Worker's settlement with D & D acted as full satisfaction for any claim Worker might make in connection with his injury. As noted by Worker:
When a judgment has been rendered against one of several persons each of whom is liable for a loss claimed in the action on which the judgment is based:
(1) A satisfaction or release of the judgment, or covenant not to execute upon it, or other agreement terminating in whole or in part the judgment debtor's obligation, does not discharge the liability of any of the other persons liable for the loss, except:
(a) To the extent that the agreement may so provide; and
(b) To the extent required by the law of suretyship.
(2) Any consideration received by the judgment creditor in payment of the judgment debtor's obligation discharges, to the extent of the amount of value received, the liability to the judgment creditor of all other persons liable for the loss.
Restatement (Second) of Judgments § 50 (1980). With respect to paragraph (1)(a), Worker's affidavit in support of the settlement, although stating that he wished to settle "all claims" arising from the injury, only named D & D and its insurance carrier as parties against whom those claims were being made. Similarly, Worker's release of liability and future medical care only purported to release D & D and its carrier from their liability to Worker. There is no indication that the settlement was intended to release other parties from their liability to Worker. See Harrison v. Lucero, 86 N.M. 581, 584, 525 P.2d 941, 944 (Ct.App.1974) (claims of plaintiff not affected by release to which she was not a party and in which she was not named).
As for paragraph (1)(b), Aztec has not argued the existence of a suretyship relationship. See Restatement (Second) of Suretyship, § 1 (Tent. Draft No. 1, 1992) ("Transactions Giving Rise to Suretyship Status"). Thus, on the record before us, Aztec has not established that its liability has been discharged by the settlement agreement between Worker and D & D.

CONCLUSION
Accordingly, the judge's order is reversed and Worker's claim for medical benefits is remanded for further proceedings.
IT IS SO ORDERED.
MINZNER, C.J., and HARTZ, J., concur.