This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports.  Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions.  Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**No. A-1-CA-36785**

**ARROYO HONDO RECREATION COMMUNITY CENTER,**

Plaintiff-Appellee,

v.

**COUNTY OF TAOS, NEW MEXICO,**

Defendant-Appellee,

and

**SIETE VALLES FIREMEN'S ASSOCIATION,**

Proposed Intervenor-Appellant.

**APPEAL FROM THE DISTRICT COURT OF TAOS COUNTY**
**Jeff F. McElroy, District Judge**

Sutin, Thayer & Browne, P.C.
Stefan R. Chacon
Albuquerque, NM

for Plaintiff-Appellee

Robles, Rael & Anaya, P.C.
Randy M. Autio
Charles H. Rennick
Lance Hough
Albuquerque, NM

for Defendant-Appellee

Sommer, Udall, Hardwick & Jones, P.A.
Jack N. Hardwick
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**B. ZAMORA, Judge.**

**{1}** Appellant Siete Valles Firemen's Association's ("Siete Valles") appeals an unsuccessful post-judgment attempt to intervene and set aside judgment in an action to quiet title. The action was first instituted in July 2014 and the district court entered judgment on February 14, 2017. On May 9, 2017, Siete Valles sought to intervene as a matter of right and to set aside the district court's judgment, pursuant to Rule 1-060(B)(3), (6) NMRA. After consideration of the issues raised by Siete Valles, the district court denied the motion to intervene and set aside the judgment as untimely. We affirm.

**DISCUSSION**

**{2}** "Intervention is an act or proceeding whereby a person is permitted to become a party in an action between other persons, after which the litigation proceeds with the original and intervening parties." *Ruybalid v. Segura*, 1988-NMCA-084, ¶ 13, 107 N.M. 660, 763 P.2d 369. A proposed intervenor has a right to intervene when: (1) it "claims an interest relating to the property or transaction which is the subject of the action," (2) it "is so situated that the disposition of the action may as a practical matter impair or impede [its] ability to protect that interest," and (3) its interest is not adequately represented by the existing parties to the litigation. Rule 1-024(A)(2) NMRA. To determine whether intervention is proper, the district court must consider the timeliness of the application and whether it is necessary to preserve a right, which would not otherwise be protected. Rule 1-024(A); *Richins v. Mayfield*, 1973-NMSC-099, ¶¶ 6-7, 85 N.M. 578, 514 P.2d 854. "We will uphold a district court's denial of a motion to intervene, absent a clear abuse of discretion." *Nellis v. Mid-Century Ins. Co.*, 2007-NMCA-090, ¶ 4, 142 N.M. 115, 163 P.3d 502.

**{3}** Siete Valles first argues that the district court "erred in determining that Siete Valles was properly served by publication, and therefore a party in the proceeding and bound by the February 14, 2017 [j]udgment." Siete Valles misreads the district court's finding which states that Siete Valles "had actual notice of [the lawsuit] due to service by publication, and through its relationship with Taos County." Significantly, the district court's finding says nothing about Siete Valles being a party but only notes that Siete Valles had notice of the lawsuit by publication. As such, the only issue we consider on appeal is the district court's denial of Siete Valles' motion to intervene and set aside judgment. *See In re Matter of T.B.*, 1996-NMCA-035, ¶ 13, 121 N.M. 465, 913 P.2d 272

("[W]e review the case litigated below, not the case that is fleshed out for the first time on appeal.").

**{4}** While the district court's denial of Siete Valles' motion to intervene is the only issue that is properly before this Court, Siete Valles has not raised or argued the matter in its briefs. Indeed, Siete Valles has expressly conceded that the district court did not err in holding that its motion to intervene was untimely. "Timeliness is a threshold question." *Nellis*, 2007-NMCA-090, ¶ 5. As such, we agree with the County of Taos that Siete Valles has abandoned the sole issue eligible for appellate review. Although the arguments raised by Siete Valles evidence a misunderstanding of the proceedings before the district court, we will address each to the extent necessary to explain why they are not properly raised for this Court's determination.

**{5}** Siete Valles' first assertion is that the district court erred in concluding that Siete Valles was properly served by publication and therefore a party to the proceeding. This assertion, cited without reference to the record proper and without context, appears to be a piecemeal attack on the district court's first finding of fact as contained in its order denying Siete Valles' motion to intervene. On appeal, we need not address whether Siete Valles may be served by publication and bound by default judgment. The district court did not conclude that it was appropriate to serve Siete Valles constructively by publication. The district court instead found that Siete Valles did, in fact, have actual notice of the litigation:

> Siete Valles had actual notice of this action due to service by publication, and through its relationship with Taos County. Siete Valles also had knowledge of this action throughout its pendency, and failed to timely move to intervene.

This finding of fact related to the district court's consideration of timeliness, an issue abandoned on appeal. *See Nellis*, 2007-NMCA-090, ¶ 6 ("One factor that we consider crucial to our analysis is whether the intervenor knew of its interest and could have sought to intervene earlier in the proceedings." (internal quotation marks and citation omitted)). Siete Valles has also not challenged the district court's finding that it had actual notice or knowledge of the litigation, and it is now conclusive. *See Swallows v. Sierra*, 1961-NMSC-063, ¶ 4, 68 N.M. 338, 362 P.2d 391.

**{6}** Further, to the extent Siete Valles contends it should not be bound by the district court's February 2017 entry of default against unknown claimants, we note that the district court denied Siete Valles' motion to intervene only after consideration of Siete Valles' claimed interest and the merits of its Rule 1-060 request to set aside judgment. *See Nellis*, 2007-NMCA-090, ¶ 8 (explaining the requirement of timeliness "is applied less stringently where a right to intervene is shown"). The district court found that Siete Valles' interests were represented by the County of Taos, that Siete Valles had no legal interest in the subject property, and that Siete Valles was not improperly excluded as a named party to the litigation. Siete Valles has not attacked the district court's findings as related to the underlying merits of its request to intervene, and they are now binding.

*See Seipert v. Johnson*, 2003-NMCA-119, ¶ 26, 134 N.M. 394, 77 P.3d 298 ("An unchallenged finding of the trial court is binding on appeal."). Accordingly, regardless of whether Siete Valles may be bound by the order of judgment as an unknown claimant, the district court's order denying Siete Valles' motion to intervene and set aside judgment precludes Siete Valles from raising a separate collateral attack on the February 2017 order of judgment. *See Bentz v. Peterson*, 1988-NMCA-071, ¶ 12, 107 N.M. 597, 762 P.2d 259 (explaining that the doctrine of res judicata is applicable when the parties are "the same or in privity, a final decision . . . on the merits [has been rendered] in the quiet title action, and the res [is] the same").

{7}     For this same reason, Siete Valles' assertion that the district court erred in not setting aside the judgment under Rule 1-060(B)(3) and (6) is not properly raised on appeal. This argument is a collateral attack on the district court's February 2017 order of judgment. Specifically, it is a challenge to a finding of fact contained in the order of judgment. In order for Siete Valles to challenge the district court's entry of judgment directly, it needed to become a party to the lawsuit through intervention. *See Nesbit v. City of Albuquerque*, 1977-NMSC-107, ¶ 13, 91 N.M. 455, 575 P.2d 1340. In its denial of Siete Valles' motion to intervene, the district court specifically found that "AHRCC's status as successor in interest to the AHRCC, Inc." is res judicata as to Siete Valles. Siete Valles has not raised a contention of error as to this finding and has instead attempted to relitigate the issue on appeal. *See Seipert*, 2003-NMCA-119, ¶ 26 ("An unchallenged finding of the trial court is binding on appeal."). Siete Valles' argument is an improper attempt to circumvent the finality of the district court's judgment and will not be addressed further by this Court.

**CONCLUSION**

{8}     Siete Valles has conceded that it was not error for the district court to deny its motion to intervene and set aside judgment as untimely, the only issue which could have been properly brought before this Court. The issues raised on appeal by Siete Valles are not appropriate for determination by this Court. We affirm the order of the district court.

{9}     **IT IS SO ORDERED.**

**BRIANA H. ZAMORA, Judge**

**WE CONCUR:**

**LINDA M. VANZI, Judge**

**KRISTINA BOGARDUS, Judge**